Arthur J. BOUCHARD, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 5116.

United States District Court
E. D. Wisconsin.

Aug. 8, 1956.

Martin J. Torphy, Milwaukee, Wis., for plaintiff.

Edward G. Minor, U. S. Atty., Howard W. Hilgendorf, Asst. U. S. Atty., Milwaukee, Wis., Arthur L. Biggins, Atty., Dept. of Justice, Washington, D. C., for defendant.

GRUBB, District Judge.

This action was brought to recover income taxes paid by the plaintiff for the years 1945 and 1944. The year 1945 was dropped out following pretrial order of May 26, 1952 on a stipulation of the parties that by reason of the statute of limitations as to the tax year 1945 the government was barred from assessing and collecting' additional taxes and the taxpayer barred from claiming any refund. As to the year 1944 the original complaint alleges that the taxpayer paid $1,849.86 in income taxes, that claim for refund in the amount of $1,094.52 was filed, that the returns were reaudited, and the refund had not been made or allowed. The answer to the original complaint as to 1944, denies any overpayment or that plaintiff is entitled to any refund. On motion of plaintiff an order was entered permitting plaintiff to amend the second cause of action (relating to 1944 income), in which amended complaint it is claimed that the sum of $1,849.86 was paid, that the plaintiff had no net taxable income for that year and refund of that amount is demanded. In the order permitting the amendment. Chief Judge Tehan recited, "Upon the defendant United States of America having withdrawn its objection to the motion to amend", the motion was granted.

In the answer to the amended complaint, the government denies that any refund was due. As a separate defense it alleges that no relief can be granted since the claim "is based on a ground that was not contained in the claim for refund filed with the Commissioner by the plaintiff."

By way of separate defense and counterclaim, the government pleads that a jeopardy assessment was made for the taxable year 1944 in the sum of $9,249, that there is interest due thereon, and that the total amount owing the government is $12,884.99. The government

demands judgment dismissing the complaint with costs, and that judgment be entered for the defendant on the counterclaim in such amount as it appears that the defendant is entitled to recover. Plaintiff's reply to the counterclaim denies that the plaintiff owes the government $12,884.99 and reasserts and realleges the claim in the amended complaint.

Numerous items are involved in the controversy. At the time of the trial, it was stipulated that the plaintiff had, in fact, paid $1,849.86 in taxes for the year 1944. The government's counterclaim was listed as respecting disallowance of certain deductions claimed by the taxpayer in his 1944 return (Transcript, 4). The government stipulated that as to certain items in the audit, namely, $174.30, $50 and $175, "The agent's conclusions were erroneous * * *" and that those items were proper deductions by the taxpayer. The government claimed that capital expenditures of $3,461.82 should be depreciated and not allowed as current business expense as the taxpayer had claimed them. There was put in issue the matter of depreciated items, which the taxpayer claimed as expense, in the amount of $3,461.82, and traveling expense claimed in the amount of $795. Taxpayer claimed as a deduction a loss he claimed he sustained on a transaction with the Northern Engineering Company in the sum of $14,952.35 (of which the government allowed only $1,000 as a non-business bad debt or capital loss).

Counsel for the government stated that in the audit the revenue agent found an item of $19,447.74 which was the sum of five items that had been deducted in 1945, that on reconsideration the government had concluded that these expenditures should have been claimed and deducted in the year 1944 rather than in the year 1945 and it so stipulated. This figure was later corrected in the stipulation so that the total amount was $19,314.03.

The principal legal questions involved are:

1. The effect of the $19,000 allowance taken in 1945 which should have been taken in 1944.

2. Is the taxpayer barred from any refund because the claim filed does not correspond to the pleadings and proof offered at the trial?

The remaining questions are basically factual.

On the stipulation of the parties in open court, the items listed on page 2 of Plaintiff's Exhibit 2 (the audit of revenue agent Moertl), which Moertl disallowed in the audit, are allowed as proper deductions, namely, Purchases—M115—$174.30, Repairs to building—$50, Office salaries—$175. On Exhibit A, attached to Exhibit B, Moertl disallowed the sum of $795 as travel expense. It is the opinion of the court that only the sum of $160 should have been disallowed.

On Exhibit A attached to plaintiff's Exhibit 2, agent Moertl disallowed an item of $185.90 for repairs to a building. The taxpayer moved out of this building in October 1944. He had held this building under a lease. It is the opinion of the court that this should have been allowed as an expense.

Agent Moertl disallowed "Miscellaneous General Expense" in the sum of $120.79, in connection with that building on 27th Street. This court believes that item should have been allowed as a deduction. Also, the court believes that the item "Machinery improvements to lathe" charged to purchases and other material in the sum of $566.18 should be allowed; also, the item of "Universal hob threading machine attach.", which was charged to Freight and Cartage, in the sum of $126.03 should have been allowed as a proper business expense.

Excepting for the items above mentioned and for the matter of the claimed loss in connection with Northern Engineering Company matter, the court believes that the audit and allowances of agent Moertl as set forth in Exhibit 2 and the various exhibits attached thereto are proper as set up and disallowed by agent Moertl.

■ The largest single item in factual dispute is the item of $14,953.35 in connection with the settlement of the Northern Engineering Company matter on which agent Moertl allowed $1,000 for the year 1944. The testimony, particularly of witnesses Thomas E. Torphy and Samuel Goldenberg, and the exhibits received in connection with that item, including photostatic copy of the notes of the Honorable Daniel W. Sullivan, Circuit Court Judge of Milwaukee County, in whose court that controversy was settled, convinced the court and the court finds that the plaintiff was, in fact, a stockholder of the Northern Engineering Company and that the claimed loss was not a proper business expense. The court is also convinced that that loss did not actually become liquidated until the year 1945. There were negotiations in 1944, particularly in late December, but the court believes that they did not become final and binding upon the parties until the year 1945. There were too many long conferences between counsel and the parties, in addition to a morning before Judge Sullivan, to permit the court to come to any other conclusion, when taken with the other testimony and exhibits, than that the actual final settlement was binding in 1945 and not in 1944. Therefore, the court believes that no allowance whatever on this item was proper in the year 1944. Such allowance as might properly be made, should be made as a capital loss in the year 1945.

■ With reference to the principal legal questions presented, it is the opinion of the court that the stipulation in open court as to the item of $19,314.03 takes precedence over the pretrial order and that situation is governed by that stipulation.

The 1945 tax is not before the court.

■ With reference to the second question, namely, whether the taxpayer is barred from any refund because the claim filed does not correspond to the pleadings and proof offered at the trial, the situation is as follows: Basically the plaintiff is bound by the claim for a refund which he filed. The purpose of that rule is to enable the government to intelligently investigate and pass upon the claim for refund. In the instant case the discrepancy between plaintiff's claims on the trial and the claim for refund is clear and is considerable. Following the claim for refund, the government through its agent Moertl, made a complete audit, which audit was relied upon and used by both parties at the trial. The government was not taken by surprise or unprepared. Basically the same objections of the government were withdrawn when the motion to allow the amended second cause of action was granted by Chief Judge Tehan.

A leading recent case on this question is Scovill Manufacturing Co. v. Fitzpatrick, 2 Cir., 215 F.2d 567. The rule there set forth is that the claim for refund must be such that the Commissioner can make an intelligent administrative review of the claim. In Fidelity-Philadelphia Trust Co. v. United States, 3 Cir., 222 F.2d 379, it is set forth that the claim must not be premised upon a far different theory than is urged in the civil action for refund; that claimant may not raise a wholly new factual basis for his claim at a later date; and that the legal theory of the claim may not be shifted.

The subject was recently reviewed in detail in Westchester Fire Insurance Co. v. United States, D.C., 138 F.Supp. 788, 790. After reviewing the questions the court there set forth as a practical test "whether the refund claim was sufficiently broad to have led the Commissioner in his investigation of the merits of the claim to a consideration of the facts now attempted to be pleaded." The court there adopts what can be called the "prejudice" rule:

"* * * it does not appear that defendant will be prejudiced in its defense of the claim as amended."

See also Crook v. United States, D.C., 135 F.Supp. 242.

In this case the court does not feel that the treasury department regulation should prevent the taxpayer from urging

all of the claims which the government audited, inasmuch as all were audited by agent Moertl and fully litigated. The court feels that the government was not prejudiced and therefore that the defense in this case, that the taxpayer is barred because the claim does not correspond to the proof offered at the trial and the amended pleadings, should not be sustained.

Counsel for the government is directed to prepare proposed findings of fact and conclusions of law and a proposed judgment in accord with this opinion, submitting them to counsel for the plaintiff for approval as to form only.