OLIN MATHIESON CHEMICAL CORPORATION, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

No. 12501.

United States Court of Appeals Seventh Circuit.

April 13, 1959.

---

4. Other evidence indicated that at the request of Expreso, International had changed the serial number.

Charles K. Rice, Asst. Atty. Gen., John J. Pajak, Atty., Tax Division, U. S. Dept. of Justice, Washington, D. C., Harlington Wood, Jr., U. S. Atty., Springfield, Ill., Lee A. Jackson, A. F. Prescott, Attys., Dept. of Justice, Washington, D. C., Marks Alexander, Asst. U. S. Atty., Springfield, Ill., for appellant.

William C. Connett, IV, St. Louis, Mo., R. H. McRoberts, St. Louis, Mo., for appellee, William M. Horne, Jr., New York City, William H. Charles, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., of counsel.

Before SCHNACKENBERG, HASTINGS and KNOCH, Circuit Judges.

HASTINGS, Circuit Judge.

The sole question presented in this appeal is whether, in a suit for refund of taxes paid in 1945 based upon a carryover of a capital loss allowed for 1944, the district court properly held that, although the statute of limitations had run, the taxpayer, Olin Mathieson Chemical Corporation (Olin), was entitled to relief under the mitigation of limitations provisions of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 1311–1315. The Government admits that taxpayer is entitled to recover if those sections apply.

In its final returns for 1944, Olin had listed, as an ordinary income loss suffered in that year, the sum of $168,126.22. This item of loss was disallowed as was Olin's subsequent timely claim for refund. Upon Olin's suit for refund which followed, the district court held that the loss was not an ordinary income loss but a long term capital loss incurred in 1944. That judgment became final on May 7, 1956 when by stipulation and order both parties dismissed their appeals. Olin had no capital gains in 1944 against which the loss could be offset; but it had had substantial capital gains in 1945. For that reason the instant suit for refund was initiated based on taxpayer's claim that it was entitled to the carry-over of the capital loss to 1945 in accordance with Section 117(e) of the 1939 Code, 26 U.S.C.A. § 117(e) (1939 I.R.C.). The statute of limitations had run on the refund claim, but taxpayer relied for relief on the mitigation of limitations provisions of the 1954 Code, 26 U.S.C.A. §§ 1311–1315. The district court entered judgment for taxpayer from which this appeal is taken.

It is urged by the Government that the trial court erred in allowing taxpayer an adjustment under §§ 1311–1315 without finding that taxpayer met the specific requirements of these sections. Admittedly, the trial court did not set forth clear-

ly the basis for its allowance of adjustment to taxpayer; it held merely that the situation presented was one for which Congress intended relief in its enactment of §§ 1311–1315 and that such a conclusion "produces a wholesome and equitable result."

■■ Of course, Congress did not intend by §§ 1311–1315 to provide relief for inequities in all situations in which just claims are precluded by statutes of limitations. This is no more than a truism. Statutes of limitations are an indispensable element of practical tax administration, and both hardships to taxpayers and losses of revenue may and do result from their application in the field of taxation. "Such periods [of limitations] are established to cut off rights, justifiable or not, that might otherwise be asserted and they must be strictly adhered to by the judiciary." Kavanagh v. Noble, 1947, 332 U.S. 535, 539, 68 S.Ct. 235, 237, 92 L.Ed. 150; Rahr Malting Co. v. United States, 7 Cir., 1958, 260 F. 2d 309, 312.

■ In order to obtain relief under §§ 1311–1315 taxpayer must demonstrate that it meets the specific requirements of those sections. Sections 1311–1315, though complicated and technical in their wording, have the clear purpose of providing for adjustments to correct errors *only* under particular circumstances set forth in detail in Section 1312, which adjustments would otherwise not be made due to the "operation of any law or rule of law." Section 1311(a). Moreover, these adjustments are to be allowed only under conditions delineated in Section 1311(b).

Olin urged before the trial court, and now contends on this appeal, that this case comes within the circumstances for which relief is provided in Section 1312 (4). Further it maintains that it has met the conditions prerequisite to adjustment under Section 1312(4), as set forth in Section 1311(b) (2) (B).

Section 1312(4) provides for adjustment when a "determination[1] disallows a deduction or credit which should have been allowed to, but was not allowed to, the taxpayer for another taxable year * * *." It is Olin's contention that the net effect of the trial court's determination in the original refund suit was (1) to disallow an ordinary income loss for the year 1944 (by determining that the loss was in fact a long term capital loss) and (2) to disallow, as long as the statute of limitations remains a bar, the capital loss carry-over for 1945.

■ It is the Government's position that there was no disallowance of the long term capital loss; that the loss was in fact, allowed for 1944, and that there was, therefore, no double disallowance of the same deduction. Its contention is, thus, that the bar of the statute of limitations operating against the carry-over of the claim of capital loss to 1945 is a circumstance which did not directly result from the initial determination allowing the long term capital loss for 1944. It is clear to us, however, that taxpayer would be entitled to the loss carry-over except for the bar of the statute of limitations, and that there was, therefore, a double disallowance of a deduction as provided in § 1312(4). The Government contends that the ordinary loss deduction is not the *same* as the capital loss carry-over. It is true that they are not deductions of the same type, but there is no requirement in § 1312(4) that they be the same type. Both the contended for, but disallowed, ordinary loss and the disallowed carry-over claim of loss are based on the identical transaction and in this sense they are the same deduction.

■ The Government also contends that taxpayer did not meet the conditions set forth in Section 1311(b) (2) (B) as prerequisite to any adjustment under Section 1312(4). Section 1311(b) (2) (B) provides that taxpayer must have maintained in writing that he was en-

---

1. A "determination" is defined as "a decision by the Tax Court or a judgment, decree, or other order by any court of competent jurisdiction, which has become final * * *." 26 U.S.C.A. § 1313(a) (1).

titled to a deduction for the year to which the determination relates, at a time when a refund attributable to such deduction in the proper year was not barred. The Government takes the position that taxpayer did not meet this condition since it did not claim a capital loss for 1944 until long after the running of the statute of limitations. We do not understand this argument. The taxpayer did list the amount involved as an ordinary loss deduction in its return for 1944 at a time when a refund, based on a capital loss carry-over in the proper year of 1945, was not barred by the statute of limitations. Section 1311(b) (2) (B) requires no more on the part of the taxpayer. Indeed, if taxpayer had claimed a capital loss in 1944, this suit would not be before us now.

█ The Government urges that the specific provisions describing the circumstances and conditions of adjustment are to be construed literally and may not be extended by implication. We have been cited to no cases construing the specific provisions of the 1954 Code here involved. We agree, however, with the Court of Appeals for the Eighth Circuit when it said with reference to Section 3801 of the 1939 Code comparable to Sections 1311–1315 of the 1954 Code, that:

"It is, no doubt, true that one claiming the benefits of Section 3801 must assume the burden of proving the existence of the prerequisites to its applicability. (Citations omitted.) That, however, does not mean that the statute should be so strictly or narrowly interpreted as to defeat its apparent purpose, which it has been said was 'to provide a fair and workable formula under which taxpayers and the Government would be given relief from the unfair and unjust results occasioned by corrections, by final determinations of errors of either the taxpayer or the Commissioner of Internal Revenue, or both, in connection with proper treatment of items affecting taxable income and tax liability in more than one year.' " United States v. Rosenberger, 1956, 8 Cir., 235 F.2d 69, 73.

See also Gooch Milling & Elevator Co. v United States, 1948, 78 F.Supp. 94, 111 Ct.Cl. 576.

█ We hold that the taxpayer has demonstrated that it meets the specific conditions and circumstances of Sections 1311(b) (2) (B) and 1312(4) and that it is entitled, therefore, to have the statute of limitations mitigated in its favor.

The judgment of the district court is Affirmed.