E. J. NELSON, District Director of Internal Revenue, Petitioner-Appellant,

v.

Arthur J. BOUCHARD, Respondent-Appellee.

No. 12885.

United States Court of Appeals Seventh Circuit.

June 24, 1960.

Charles K. Rice, Asst. Atty. Gen., Richard M. Roberts, Lee A. Jackson, A. F. Prescott, Attys., Dept. of Justice, Washington, D. C., Edward G. Minor, U. S. Atty., Francis L. McElligott, Asst. U. S. Atty., Milwaukee, Wis., for appellant.

John J. Ottusch, Norman C. Skogstad, Milwaukee, Wis., for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and CASTLE, Circuit Judges.

HASTINGS, Chief Judge.

This appeal concerns an application filed by petitioner-appellant, E. J. Nelson, District Director of Internal Revenue, for the enforcement of a summons against respondent-appellee, Arthur J. Bouchard (taxpayer). There is no dispute concerning the facts in this proceeding.

The record shows that on July 9, 1959 Judge Robert E. Tehan, of the United States District Court for the Eastern District of Wisconsin, signed an order requiring taxpayer to appear and show cause why he should not be punished for his failure to appear before Paul F. Lyden, an officer of the Internal Revenue Service, and produce the records and documents called for in a summons served upon him. As shown by the District Director's affidavit attached to the show cause order, the purpose of the summons was to determine taxpayer's ability to pay federal income tax assessed against him for the year 1945.

A hearing on the show cause order was held on August 17, 1959 before Judge Kenneth P. Grubb, at which time the Government contended that:

1. The validity of the assessment for 1945 should not be determined in a show cause action; and

2. Sections 1311 through 1313 of the Internal Revenue Code of 1954 [1] allowed an assessment for the year 1945 after a determination in the previous year.

On August 19, 1959, Judge Grubb entered an order, subsequently amended by stipulation on January 7, 1960, that reads in pertinent part as follows:

"Oral arguments having been heard, the Court being fully and well advised as to all the facts and circumstances including the files and records in the above captioned matter and the material, files and records of earlier tax litigation between the parties (Arthur J. Bouchard vs. United States of America, Civil Action #5116 [D.C., 143 F.Supp. 5], United States District Court, Eastern District of Wisconsin), the Court being advised in the premises and it appearing that the matter had been previously decided upon stipulation and order of this Court in the litigation above referred to and that therefore the prior determination is res adjudicata of the issues presented herein;

"IT IS HEREBY ORDERED that the above captioned matter be and the same is hereby dismissed upon the merits without cost to either party."

It was from this order that the instant appeal was taken.

The Government agrees in its brief that the "proper order would be one merely dismissing the rule to show

---

1. 26 U.S.C.A. §§ 1311–1315 provide for relief under the mitigation of limitations provisions where the statute of limitations has run. See, Olin Mathieson Chemical Corp. v. United States, 7 Cir., 1959, 265 F.2d 293.

cause." On oral argument the Government stated that it had no objection to the dismissal of the rule to show cause. Its complaint is that the trial court improperly held in its order that the judgment rendered in Civil Action No. 5116 is *res judicata* in this proceeding, thereby barring the Government from invoking in a subsequent proceeding the provisions of 26 U.S.C.A. §§ 1311 et seq., supra. It further contends that the court's order is in effect a declaratory judgment contrary to the provisions of 28 U.S.C.A. § 2201.[2]

We now look to the action taken by the trial court in Civil Action No. 5116. In this earlier proceeding taxpayer sought recovery of alleged overpayments of income taxes for the years 1944 and 1945. On May 26, 1952, after the pretrial of that case, Judge Tehan entered an order incorporating a stipulation entered into by the parties as follows:

> "2. It is stipulated by and between the parties, by their counsel, that by reason of the Statute of Limitations as to the tax year 1945, the government is barred from assessing and collecting any additional tax, and the taxpayer is barred from claiming any refund."

This case subsequently proceeded to trial before Judge Grubb, limited to the tax year 1944. It was stipulated that certain items totalling $19,314.03 were proper expenditures to be allowed as deductions for the year 1944 and that these same items had been claimed and allowed as deductions for the year 1945. Judge Grubb relied on the 1952 stipulation and on July 22, 1957 rendered judgment favorable to taxpayer allowing the deductions for 1944 which had been granted to him previously for the year 1945. The trial court signed findings of fact and stated conclusions of law. Conclusion No. 3 reads:

> "3. The statute of limitations now bars plaintiff from claiming any

refund of his 1945 income tax and similarly bars the Commissioner of Internal Revenue from making any additional assessment against plaintiff for any alleged deficiency of his 1945 income tax. *Plaintiff's 1945 income tax liability accordingly is not here before the Court.*" (Emphasis added.)

Prior to the entry of judgment in Case No. 5116, on July 12, 1956, Judge Grubb addressed a letter to counsel for both parties calling attention to their 1952 stipulation and pointed out that if the deductions erroneously allowed in 1945 were allowed in 1944, the taxpayer would receive a double allowance for these deductions. He also called attention to 26 U.S.C.A. § 1311. He inquired whether the parties wished to stand by the stipulation or intended to make any motion to amend it in the light of the mitigation of limitations statute. On July 24, 1956, the Government replied that the stipulation should stand and stated it did not regard this as a bar to a subsequent action. Among other things, the Government stated in its letter:

> "Should the court * * * determine that plaintiff is entitled to a refund for 1944 to the extent of these claimed deductions, this, in our view, would be a final determination within the meaning of Section 1313 of the Internal Revenue Code of 1954, and accordingly permit the Government to seek offsetting adjustments for the year 1945 in a subsequent suit. We do not regard the stipulation as a bar to such subsequent action because it merely recognized and implemented by stipulation the bar of the statute of limitations. An action founded on Sections 1311 and 1312 of the Internal Revenue Code of 1954 is not, in our view, subject of this bar."

On July 16, 1956, taxpayer's counsel responded to Judge Grubb's inquiry and,

---

2. 28 U.S.C.A. § 2201, authorizing an appropriate action for a declaratory judgment, expressly excepts from its provisions a controversy "with respect to Federal taxes."

after referring to the determination to be made by the court, stated:

"After such determination, the taxpayer can ask for an adjustment * * * and government can ask for an adjustment of the year 1945 based upon Section 3801(b) of the 1939 Code."[3]

Thus, it seems clear to us that both parties understood that relief under the provisions of the mitigation of limitations statute might be sought in a subsequent proceeding. We do not read into the 1952 stipulation any waiver of such right on the part of the Government. Indeed, this statute cannot be invoked until after a prior determination that the 1945 deductions in question were erroneously allowed and the error corrected by properly allowing them for the year 1944, as was done in Case No. 5116.

Taxpayer asserts that at the hearing on the show cause order Government counsel was willing to dismiss the order and did not take issue with the trial court's conclusion that the prior tax litigation was *res judicata* as to any possible liability for the year 1945. There was some statement to that effect, but Government counsel also indicated that the Department of Internal Revenue overruled that view. We cannot accept the contention that the Government is estopped from asserting this contrary position. In any event, as we have previously pointed out, in the prior tax litigation the court stated in its Conclusion of Law No. 3 that "[p]laintiff's 1945 income tax liability accordingly is not here before the Court."

It is undisputed that at the time of the hearing on the show cause order Govern-

ment counsel stated that the Government was willing to dismiss the action at that point. It was taxpayer who insisted that the dismissal should be grounded on the basis of prior determination of the 1945 tax.

We have set out the foregoing parts of the record and prior proceedings to show that, in our opinion, the finding by the trial court that the prior determination in Case No. 5116 was *res judicata* was not necessary to a dismissal of the show cause order. It was surplusage, and the order appealed from should be modified by striking such holding therefrom. The trial court was correct in ordering the dismissal of the show cause order.

In so holding, however, we expressly reserve any ruling on the question of whether the determination in Case No. 5116 is *res judicata* of any issue that may be raised should the Government subsequently seek relief pursuant to 26 U.S.C.A. § 1311 et seq. Likewise, we express no view on whether the Government has good cause for relief under this statute in a subsequent action. These and other related matters can be determined if and when they may arise in a proper subsequent proceeding. Our concern here is that taxpayer, in the instant proceeding on a show cause order, be not put in a position to plead the judgment appealed from here as a bar in any subsequent action under Section 1311, supra. While it is not entirely clear that the trial court intended such a result, this holding will serve to dispel any doubt.

The judgment is modified as hereinabove set out and, as modified, is

Affirmed.

3. This section of the 1939 Code is the mitigation of limitations provision in that Code. However, Section 1315 of the 1954 Code makes it clear that the 1954 Code is applicable rather than the 1939 Code.