**BEAUDRY MOTOR COMPANY,**
**Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. Civ. 93–403–TUC–WDB.

United States District Court,
D. Arizona.

Jan. 3, 1995.

Gregory Vartan Gadarian, Tucson, AZ, for plaintiff.

Brian J Feldman, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

## ORDER

WILLIAM D. BROWNING, District Judge.

Pending before the Court are Defendant's April 4, 1994 Motion for Summary Judgment and Plaintiff's May 11, 1994 Motion for Summary Judgment. For the following reasons, the Court will deny Defendant's Motion and grant Plaintiff's Motion.

## ORDER AND OPINION

### I. *Factual and Procedural Background*

On September 15, 1987, Plaintiff timely filed a U.S. Corporation Income Tax Return for its tax year ending December 31, 1986. With this return, Plaintiff reported and paid recapture of investment tax credits ("ITCs") in the amount of $34,645.00. This entire amount was attributable to ITCs claimed by Plaintiff in tax years ending December 31, 1983 and December 31, 1984.

On September 15, 1989, Plaintiff timely filed an Amended U.S. Corporation Income tax return for the tax year ending December 31, 1985, reporting a net operating loss of $511,290. At the same time, Plaintiff filed amended returns and claims for refund for tax years 1983 and 1984, based on a carry-back of the 1985 net operating loss. A dispute arose as to whether the 1983 and 1984 amended returns and claims for refunds were timely filed. That dispute was ultimately resolved in Plaintiff's favor, and the refund claims for 1983 and 1984 were approved in full by the IRS on or about January 28, 1991. Because of the 1985 net operating loss carryback, Plaintiff was unable to use the ITCs that had been claimed in the original returns for tax years 1983 and 1984.

Plaintiff timely filed an Amended U.S. Corporation Income Tax Return for tax year 1986 on September 15, 1990, the last day for filing under the statute of limitations. This amended return did not refer to the amended returns for 1983 and 1984, which were at that time in dispute. The 1986 refund claim was approved in full, and a refund in the amount of $3,481 was issued to Plaintiff on November 26, 1990.

After the dispute regarding the 1983 and 1984 amended returns was resolved in favor of Plaintiff, Plaintiff filed a second amended return and claim for refund for 1986. In this return, Plaintiff sought the recovery of $34,645 in ITC recapture tax that it had reported and paid for tax year 1986. This ITC recapture tax was based on ITCs which had been originally claimed in 1983 and 1984, and which were unavailable to Plaintiff after the 1983 and 1984 amended returns were approved. This second amended return was not filed until March 21, 1991.

In a letter dated September 11, 1991, the Internal Revenue Service ("IRS") proposed a full disallowance of the second amended return, based on the statute of limitations, 26 U.S.C. § 6511(a). On March 31, 1992, Plaintiff requested that the IRS Appeals Office seek advice from the IRS National Office about whether the mitigation provisions of the Internal Revenue Code, 26 U.S.C.

§§ 1311 through 1314 ("mitigation provisions"), applied to Plaintiff's second amended return for 1986. On August 26, 1992, the IRS National Office advised Plaintiff that the mitigation provisions did not apply, and on October 15, 1992, the IRS formally disallowed Plaintiff's second amended return and claim for refund.

On July 2, 1993, Plaintiff filed this action, pursuant to 28 U.S.C. § 1346(a)(1), seeking a refund of $34,654.[1] No material facts are in dispute. Each party contends it is entitled to judgment as a matter of law.

## II. *Discussion*

The Court has jurisdiction over a "civil action ... for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, ... or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1) (1988). No such suit can be maintained, however, unless a claim has been filed with the Secretary of the IRS in "accordance to the provisions of law and ... regulations." 26 U.S.C. § 7422 (1988).

Plaintiff concedes that its second amended return for 1986 was not filed within the applicable statute of limitations. Nonetheless, Plaintiff argues that this action should not be barred, because he is entitled to relief under the mitigation provisions. In order to prevail, Plaintiff must show that: (1) there has been a determination of tax liability, as defined in 26 U.S.C. § 1313(a)(1)–(4); (2) the determination falls within one of the "circumstances of adjustment" described in 26 U.S.C. § 1312(1)–(7); and (3) depending on the circumstance of adjustment claimed, either an inconsistent position must have been maintained by the party against whom mitigation will operate, 26 U.S.C. § 1311(b)(1), or the correction of the error must not have been barred at the time the party seeking mitigation first maintained its position, 26 U.S.C. § 1311(b)(2). *Longiotti v. United States,* 819 F.2d 65, 68 (4th Cir.1987), *cert. denied* 484 U.S. 985, 108 S.Ct. 502, 98 L.Ed.2d 500 (1987).

Defendant concedes that Plaintiff has met the first and third requirements. The only issue in this case, therefore, is whether Plaintiff has established that the circumstances in this case constitute a "circumstance of adjustment" found in 26 U.S.C. § 1312(1)–(7).

Plaintiff argues that Section 1312(4) applies. Section 1312(4) describes a circumstance such that

[t]he determination disallows a deduction or credit which should have been allowed to, but was not allowed to, the taxpayer for another taxable year....

26 U.S.C. § 1312(4). Plaintiff contends that the I.R.S. determination approving the 1983 and 1984 amended tax returns resulted in the ITCs previously claimed for those years becoming unavailable. According to Plaintiff, the determination therefore disallowed credits, which should then have been allowed in the 1986 year. Specifically, Plaintiff argues that rather than "recapturing" the ITCs applied in 1983 and 1984, as it had in the original 1986 return, it should have been allowed a credit, on line 15 of Form 4255, for ITCs which had not been used in any prior year.

Neither party has cited authority regarding the construction of ITCs, or when they are deemed to be "allowed" or "disallowed." Defendant notes that requirements of the mitigation provisions are to be narrowly construed, *Kolom v. United States,* 791 F.2d 762, 765 (9th Cir.1986), and contends that "the absence of an obligation to recapture a credit in a taxable year is not equivalent to 'allowing' that credit." In addition, Defendant argues that even if the "freeing up" of ITCs constitutes a disallowance of a credit in the 1983 and 1984 tax years, the form 4255 credit against recapture of ITCs does not reduce Chapter 1 tax liability, and so is not an allowable credit under Section 38. Defendant asserts that Plaintiff has therefore failed to establish a "circumstance of adjustment" which entitles it to relief pursuant to the mitigation provisions.

Plaintiff suggests that for purposes of Section 1312(4), an ITC credit should be deemed "allowable" when it is available to a taxpayer,

---

1. Plaintiff's claim for $34,654 is apparently a typographical error. The correct amount appears to be $34,645.

and "disallowed" when it is made unavailable due to other tax events. The Court agrees. Thus, when the IRS determination resulted in Plaintiff's ITCs being unavailable for tax years 1983 and 1984, those credits were disallowed. Further, because of the determination and the resulting disallowance of those credits in 1983 and 1984, the credits "should have been allowed to, but [were] not allowed to, the taxpayer" for 1986. 26 U.S.C. § 1312(4). The Government is correct that the credits are not of the same type, "but there is no requirement in 1312(4) that they be of the same type." *Olin Mathieson Chemical Corp. v. United States,* 265 F.2d 293 (7th Cir.1959). Both disallowed credits are based on the same transactions, and in this sense, they are the same. *Id.*

### CONCLUSION

The Court concludes that Plaintiff has met its burden of establishing that it meets the specific conditions and circumstances required by Sections 1311(b)(2)(B) and 1312(4) and that it is entitled, therefore, to have the statute of limitations mitigated in its favor.

Accordingly, IT IS ORDERED that Defendant's Motion for Summary Judgment is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is GRANTED.