**MAR MONTE CORPORATION,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 72–1698.

United States Court of Appeals,
Ninth Circuit.

Sept. 5, 1974.

Barry A. Johnson (argued), of Cotton, Seligman & Ray, San Francisco, Cal., for appellant.

Carleton D. Powell, Atty. (argued), U. S. Dept. of Justice, Washington, D. C., for appellee.

## OPINION

Before MOORE,* ELY, and CHOY, Circuit Judges.

ELY, Circuit Judge:

Mar Monte Corporation [hereinafter "Mar Monte"] appeals from the District Court's summary judgment in favor of the Government. The controversy involved a claim for refund of federal income taxes in the amount of $10,606, plus interest, paid by Mar Monte for its taxable year ending November 30, 1959. Since the facts are undisputed, disposition by summary judgment was appropriate. Fed.R.Civ.P. 56(c).

In August, 1960, Mar Monte timely filed its federal income tax return for its fiscal year of 1959 and paid taxes in the sum of $51,632. The 1959 income upon which the tax was imposed was solely the product of capital gains and thus did not reflect ordinary income. In each of the next three fiscal years Mar Monte sustained net operating losses.[1] Since the 1959 income was the product of capital gains, the carryback provisions of section 172, Int.Rev.Code of 1954, were not applicable. Therefore, Mar Monte was unable to deduct the net operting losses from its 1959 income.

Thereafter, the Commissioner of Internal Revenue [hereinafter "Commissioner"] determined that there was a deficiency in Mar Monte's income taxes

for its fiscal year of 1959. A notice of deficiency reflecting that determination was mailed to Mar Monte on October 30, 1964. In response, Mar Monte, on February 1, 1965, filed a petition with the Tax Court seeking a redetermination of the deficiency set forth in the statutory notice. Subsequently the Commissioner and Mar Monte entered into negotiations whereby a settlement was effected. Mar Monte agreed that its ordinary income was substantially higher than reported, stipulating that as a result of the increase it owed taxes in the amount of $21,068 on income which was ordinary in character. The Tax Court then entered its decision in accordance with the executed stipulation, and that decision became final on June 8, 1966. Mar Monte paid the final portion of the subject deficiency in April of that year.

Because the Tax Court decision resulted in Mar Monte's reporting ordinary income for 1959, Mar Monte sought, pursuant to the carryback provisions of section 172, Int.Rev.Code of 1954, to deduct the losses incurred in 1960, 1961, and 1962 from this newly created income. Mar Monte, therefore, on November 23, 1966, filed with the Commissioner a claim for refund of income taxes paid for 1959 in the amount of $10,606, plus interest. After the Commissioner had disallowed the taxpayer's claim, the present refund suit was instituted in the District Court. There, the Commissioner contended that Mar Monte's suit was barred by the statute of limitations, Int.Rev.Code of 1954, § 6511(d)(2)(B), 26 U.S.C. § 6511(d)(2)(B) (1958), which was applicable to the relevant tax years.[2] The District Court upheld the

---

* Honorable Leonard P. Moore, Senior United States Circuit Judge, New York, New York, sitting by designation.

1. It is undisputed that Mar Monte sustained the following net operating losses:

| Fiscal Year Ended | Amount |
|---|---|
| November 30, 1960 | $15,511 |
| November 30, 1961 | 2,413 |
| November 30, 1962 | 2,457 |
| | $20,381 |

2. Although relevant sections of the Code have been amended since the close of the subject tax years, the modifications do not affect the outcome of the controversy before us. For the purpose of this opinion, however, the former provisions of the Internal Revenue Code of 1954 are cited when those sections have been modified subsequent to the close of the relevant tax years.

256

Commissioner's position, and Mar Monte appeals.

Section 6511(a), Int.Rev.Code of 1954, sets forth the general statute of limitations for the filing of claims for refund or credit.[3] The statutory period is three years from the time the return was filed by the taxpayer [hereinafter the "three-year from filing period"], or two years from the time the tax was paid [hereinafter the "two-year from payment period"], whichever period expires later. Another section of the Code, however, establishes a special period of limitation in connection with claims for refund attributable to a net operating loss carryback. Since the existence and extent of operating losses might not be known until the normal limitation period of section 6511(a) had expired, Congress enacted the special limitation period for net operating loss carrybacks in section 6511(d)(2)(A), Int.Rev.Code of 1954, 26 U.S.C. § 6511(d)(2)(A)(1964) [hereinafter "subparagraph (A)"].[4] See Claremont Waste Mfg. Co. v. Commissioner, 238 F.2d 741, 748 (1st Cir. 1956). Subparagraph (A) provides that in lieu of the normal three-year from filing period prescribed in section 6511(a), the limi-

tation period for a corporate taxpayer is 38½ months from the end of the year in which such net operating loss occurred. The 38½ month period prescribed in subparagraph (A) is only *in lieu of* the three-year from filing limitation period, and the alternative two-year from payment period is unaffected. Rev.Rul. 65–281, 1965–2 Cum.Bull. 444. Mar Monte contends that its refund claim was instituted within two years after it paid the deficiency and was therefore timely.[5]

As Mar Monte concedes, however, other sections of the Code are also relevant to the issue. Since Mar Monte seeks a refund for a year which previously has been the subject of a final Tax Court judgment, it must surmount the statutory bar which section 6512, Int.Rev.Code of 1954, erects.[6] Section 6512(a) fixes the normal rule that a final Tax Court determination as to tax liability for a certain year precludes any succeeding claims in connection with that year. There are exceptions to this bar, including the exception that is relevant here, § 6511(d)(2)(B), Int.Rev.Code of 1954, 26 U.S.C. § 6511(d)(2)(B) (1958) (presently § 6511(d)(2)(B)(i) of the Current

3. Section 6511(a), Int.Rev.Code of 1954, provides in part:
"(a) *Period of limitation on filing claim.*— Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid."

4. Section 6511(d)(2)(A), Int.Rev.Code of 1954, 26 U.S.C. § 6511(d)(2)(A) (1964) provides in part:
"(A) *Period of limitation.*—
If the claim for credit or refund relates to an overpayment attributable to a net operating loss carryback, in lieu of the 3-year period of limitation prescribed in subsection (a), the period shall be that period which ends with the expiration of the 15th day of the 40th month (or the 39th month, in the case of a corporation) following the end of the taxable year of

the net operating loss which results in such carryback, or the period prescribed in subsection (c) in respect of such taxable year, whichever expires later."

5. Since Mar Monte's final payment of its 1959 income taxes was made in April, 1966, its claim filed with the Commissioner on November 23, 1966 was well within the two-year from payment period.

6. Section 6512(a) of the Code provides in pertinent part:
"(a) *Effect of petition to Tax Court.*—
If the Secretary or his delegate has mailed to the taxpayer a notice of deficiency under section 6212(a) . . . and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), no credit or refund of income tax for the same taxable year . . . in respect of which the Secretary or his delegate has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court. . . ."

Code). That section reads in material part:

"If the allowance of a credit or refund of an overpayment of tax attributable to a net operating loss carryback is otherwise prevented by the operation of any law [e. g., § 6512(a)] or rule of law [e. g., res judicata] other than section 7122 . .. . such credit or refund may be allowed or made, if claim therefor is filed within the period *provided in subparagraph (A) of this paragraph.*" (Emphasis supplied.)

According to the District Court's interpretation of the foregoing provision, a corporate taxpayer, in order to carry back a loss to a taxable year which previously has been the subject of a final Tax Court determination, must file its claim within the period prescribed by subparagraph (A). Consistent with the plain wording of the statute, the court held that the only period provided by subparagraph (A), and thus the only period applicable to Mar Monte's claim, was the 38½ month period extending from the end of the year in which the net operating loss was sustained. The two-year from payment period was thus held not available to Mar Monte. In light of the fact that the 38½ month period had expired since the end of the years in which each of the losses had been sustained, the court held that Mar Monte's suit was precluded by the limitation period.[7]

■ Here, Mar Monte first contends that, in the absence of a Tax Court determination, subparagraph (A) provides for the 38½ month period *in addition* to the two-year from payment period afforded by section 6511(a). With this contention we agree. In the instant dispute, if the 1959 tax liability had not been ascertained in a Tax Court proceeding, both the two-year from payment period of section 6511(a) and the 38½ month period provided by subparagraph (A) would be applicable. Mar

Monte then argues that the reference in subparagraph (B) to the "period provided by subparagraph (A)" encompasses both the 38½ month period explicitly contained in subparagraph (A) and the two-year period provided by section 6511(a). In the light of the plain language of the statute, we cannot accept this second contention.

In instances wherein a taxpayer seeks a refund based on net operating loss carrybacks and the losses are carried back to a taxable year which previously has been the subject of a final decision of the Tax Court, the controlling statutory provision is subparagraph (B). The limitation period encompassed by subparagraph (B) is that period *provided* by subparagraph (A). Clearly section 6511(d)(2)(A) provides only one limitation period. That period extends 38½ months from the end of the year in which the loss was sustained. The fact that, in the *absence* of a Tax Court determination, both the 38½ month period and the two-year period are available, cannot operate to the advantage of Mar Monte in the circumstances here presented.

Although Mar Monte contends that the legislative history supports its position, we have concluded that the legislative history reflects the opposite. The statutory predecessor of section 6511(d)(2)(A) was added to the Internal Revenue Code of 1939 by section 5(b) of the Tax Adjustment Act of 1945, 59 Stat. 517, 524. The Report of the House Ways and Means Committee clearly indicates that in the normal situation of an operating loss carryback (i. e., whenever there has not been a Tax Court determination), the new 38½ month period was not to affect the two-year from payment period. The committee's Report specifically states:

"It is to be noted that the period provided in [section 6511(d)(2)(A) of the 1954 Code] is to be in lieu of the 3-year period provided in [section

7. The 38½ month period expired for the relevant tax years respectively on February 15, 1964, February 15, 1965, and February 15, 1966.

258

511(a) of the 1954 Code]. [Section 6511(d)(2)(A)], however, is not to affect any other period, such as the 2-year period after the payment of the tax, within which under present law a claim for credit or refund may be filed . . . ." H.R.Rep.No.849, 79th Cong., 1st Sess. 30 (1945), *reported at* 1945 Cum.Bull. 566, 586.

As is clear from a reading of the entire committee Report, the quoted portion refers only to the situation in which there has not been a Tax Court decision. Although the Report then directly discusses the statutory predecessor to subparagraph (B), that discussion omits any reference to the applicability of the two-year limitation period. The only reasonable inference is that the failure to state that the two-year period would remain applicable was intentional and that Congress thus intended that only the 38½ month period would apply.

Our interpretation of the statute comports with a previous ruling of the Internal Revenue Service. Rev.Rul. 65–281, 1965–2 Cum.Bull. 444. Furthermore, the holding of the Court of Claims in Brad Foote Gear Works, Inc. v. United States, 288 F.2d 894, 153 Ct.Cl. 267 (1961) supports our conclusion. Although *Brad Foote Gear Works* did not squarely meet the precise issue here presented, the taxpayer there also failed to surmount the obstacle presented by the statutory predecessor of subparagraph (B). The court stated that the only available limitation period for a taxpayer in Mar Monte's position was the 38½ month period, unless an effective extension agreement was extant. See §§ 6511(c), (d)(2)(A), Int.Rev.Code of 1954. In fact, the *Brad Foote* court concluded that the taxpayer's suit was barred by the statute of limitations even though the claim was filed within the two-year from payment period.

Mar Monte argues that our interpretation of subparagraph (B) would operate so inequitably that Congress could

not have intended such a result. Over seventy-five per cent of the refund here sought is directly attributable to the losses incurred in the fiscal year ending November 30, 1960. In order to carry back this loss to offset income in 1959, Mar Monte must have filed its claim for refund on or before February 15, 1964. That date is, of course, eight months prior to the date that the taxpayer received its notice of deficiency for its taxable year 1959.[8] We recognize, as did the District Court, that the result "does not comport with the common notion of equity." The Congress, when it enacted subparagraph (B), was apparently concerned with affording relief to a taxpayer in a situation wherein, in a year subsequent to a Tax Court decision, and unknown at the time of the Tax Court proceedings, net operating loss has arisen which the taxpayer seeks to carry back to the year previously determined by the Tax Court. In the absence of subparagraph (B), such a deduction is impermissible. Congress simply did not address itself to the situation involved in the present appeal, when the net operating loss occurs *prior* to the Tax Court proceedings.

■ Although we can see no reason for Congress having imposed harsher finality limits when the liability of the relevant tax year has been determined by the Tax Court, Congress has done so. Since deductions are allowed solely as a matter of legislative grace, it was Mar Monte's burden to establish that it was entitled to the claimed deduction. Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1933); DeMink v. United States, 448 F.2d 867 (9th Cir. 1971). Being without power to disregard or ignore the plain provision of the pertinent statute, we conclude with the District Court that Mar Monte's claim is barred by the limitation period prescribed in section 6511(d)(2)(B), 26 U.S.C. § 6511(d)(2)(B) (1958).

Affirmed.

8. The statutory 38½ month period had not elapsed, of course, in connection with the

losses sustained by Mar Monte during its 1961 and 1962 taxable years.