**FAMILY GROUP, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 75 C 2061.**

United States District Court, E. D. New York.

July 26, 1976.

Abraham W. Sereyski, New York City, for plaintiff.

Vicki Cheikes, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

GEORGE C. PRATT, District Judge.

By this action, plaintiff seeks a refund of $6,383.11 in federal corporate income taxes claimed to have been overpaid for the year 1967. The Government has moved pursuant to FRCP 12(b)(1) to dismiss the complaint with prejudice, on the ground that the Court lacks jurisdiction over the subject matter since plaintiff's refund claim is time barred.

Plaintiff duly filed its corporate income tax returns for the years 1967 and 1968. On October 27, 1969, plaintiff filed an amended return for 1968 showing total net operating losses for the years 1965–1968 of $115,539.53 which plaintiff claims qualifies for net operating loss carry-back treatment.

By decision dated February 12, 1973, the United States Tax Court determined that there was a tax deficiency in the amount of $4,654.79 due from the plaintiff for the year 1967.[1] By a series of payments between March 12, 1974 and August 20, 1974, plaintiff paid the Internal Revenue Service (Service) a total of $6,383.11, representing the deficiency plus interest.

On September 9, 1974 plaintiff filed with the Service its claim giving rise to this action. Plaintiff sought refund of the income tax paid for the year 1967 in the sum of $6,383.11, that sum being the amount which had been paid pursuant to the Tax Court's decision of February 12, 1973. Plaintiff claims that a carry-back of the losses reported on its amended return for 1968 (filed on October 27, 1969) more than offsets the deficiency paid in 1974 for the year 1967 pursuant to the Tax Court's 1973 decision.

By letter dated June 5, 1975, the Service disallowed plaintiff's claim because "the 1967 year was set up by Tax Court". This action followed, and the Government has moved to dismiss with prejudice, asserting that the claim was not timely filed.

Section 6512(a) of Internal Revenue Code of 1954 (the Code) provides that if a taxpayer files a timely petition with the Tax Court, "no credit or refund of income tax *for the same taxable year* * * * shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court * * *." (emphasis supplied).

By this categorical language Congress has provided, in effect, that once a particular tax year is submitted to the Tax Court for determination, no other credit or refund of income taxes for the same taxable year shall be made, and no other suit shall be brought for their recovery. Three exceptions to this blanket rule are set forth in § 6512(a) itself; but all of them are inapplicable to plaintiff's claim.

There is a fourth exception, however, aimed specifically at credits or refunds related to net operating loss carry-backs. It is found in § 6511(d)(2)(B)(i) and reads in part:

---

1. Although unnecessary to a disposition of this motion, plaintiff alleges that the tax deficiency resulted when the Tax Court disallowed as deductible operating expenses certain payments that had been made in connection with proper-

ties on which plaintiff held mortgages. The Tax Court held that those payments should be added to the principal amount of the mortgage indebtedness.

"If the allowance of a credit or refund of an overpayment of tax attributable to a net operating loss carryback is *otherwise prevented by the operation of any law* * * * such credit or refund may be allowed or made, if claim therefor is filed *within the period provided in subparagraph (A)* of this paragraph." (emphasis supplied)

Since allowance of plaintiff's refund is clearly prevented by the categorical language of § 6511(a), it qualifies as one which is "otherwise prevented by the operation of any law"; consequently, the refund claim might be maintained under § 6511(d)(2)(B)(i) provided that it was filed "within the period provided in subparagraph (A) of this paragraph."

Subparagraph (A), in turn, provides insofar as pertinent here, a period of 38½ months from "the end of the taxable year of the net operating loss which results in such carryback", which works out in this case to be March 15, 1972. Since plaintiff's claim was not filed until September 9, 1974, well past the end of the period described in subparagraph (A), it was untimely and must be dismissed.

The result compelled here by this web of statutory provisions appears harsh, but unalterable by this Court, since the legislative intent seems clear.

In *Mar Monte Corp. v. United States,* 503 F.2d 254 (CA9, 1974) the Ninth Circuit on virtually identical facts reached the same conclusion, and acknowledged that its result there "does not comport with the common notion of equity" (503 F.2d at p. 258).

Plaintiff has advanced two arguments to avoid dismissal. The first is one of statutory construction, but as already indicated, proper reading of the various statutory provisions requires a conclusion that once plaintiff litigated the year 1967 in the Tax Court, its opportunity to raise subsequently any claim for that year based on a net operating loss carry-back had to be asserted no later than March 15, 1972.

Plaintiff's second argument seeks to assert unspecified principles of equity by which the limitations period should be tolled. Plaintiff argues that since the Service was stayed from collecting its asserted deficiency for 1967 during the entire period the Tax Court proceeding was pending, the limitations period should be tolled for a similar period. Unfortunately, however, plaintiff does not cite any authority for such a tolling of the statute under the circumstances presented here; the Government has asserted it can find no such authority; and the Court's own research has discovered none.

Plaintiff points out that on the facts of the present case, its claim for refund resulting from the net operating loss carry-back was barred long prior to the date when the Tax Court determined its additional tax liability for 1967. In substance, plaintiff argues, its refund claim was time barred even before plaintiff was aware it had an unpaid tax liability for 1967. The assertion is correct only if we equate plaintiff's initial awareness with the Tax Court's final determination, an equation which cannot be accepted.

Plaintiff became aware of its exposure to a potential tax liability for 1967 in May, 1970 when the Service first made its deficiency assessment. Both at that time and when plaintiff subsequently elected to litigate the deficiency assessment in the Tax Court, plaintiff knew of the net operating loss carry-back which had been reported on the amended 1968 return.

Had plaintiff asserted that loss carry-back in the Tax Court proceeding, an appropriate offset could have been allowed there. Rule 31(c) of the Rules of Practice and Procedure of the United States Tax Court would have permitted an alternative or hypothetical pleading of the offset, and under § 6512 of the Code, the Tax Court had jurisdiction to determine plaintiff's claim had it been asserted.

True, one effect of the statutory scheme is to demand special foresight and vigilance of a taxpayer who chooses the Tax Court as a forum, lest by inadvertence he lose the rights granted to him elsewhere in the Code. While the Court agrees with plain-

tiff that the end result here seems harsh, it is not uncommon under a statute as complex and confusing as the Internal Revenue Code that opportunities for tax saving are frequently lost and penalties are frequently incurred, simply because of the understandable inability of a taxpayer and his professional advisors to fully comprehend the significance of all the detailed provisions of the Code. This, however, affords no legal basis to uphold plaintiff's position here.

The Court has carefully searched the briefs, the Code, and the Ninth Circuit's opinion in *Mar Monte Corp. v. United States, supra,* in order to find a sound basis on which to avoid the inequitable result to this plaintiff. The search, however, has been unsuccessful, and the Court is constrained both by authority and by the statute (whose meaning becomes "plain" only after careful study) to dismiss the complaint.

SO ORDERED.