**Ardell H. NELSON and Mary M. Nelson, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 84–1661.

United States Court of Appeals, Fifth Circuit.

April 22, 1985.

Rehearing Denied May 15, 1985.

B.J. Walter, Jr., Houston, Tex., for plaintiffs-appellants.

Glenn L. Archer, Jr., Michael L. Paup, Chief, Appellate Sec., Richard Farber, Joan Oppenheimer, Attys., U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant-appellee.

Before CLARK, Chief Judge, GOLDBERG, and TATE, Circuit Judges.

28. *Id.*

TATE, Circuit Judge:

The taxpayers, husband and wife, appeal from the dismissal of their claim for a federal income tax refund.[1] The district court held that the taxpayers' claim for refund of overpayment of taxes for the 1974 tax year—which was sought on the basis of a carryback of a net operating loss for the 1977 tax year—was not timely. The court so held (as had the Commissioner) because the administrative claim for refund, filed June 5, 1981, was made later than "the 15th day of the 40th month [*i.e.,* by April 15, 1981] ... following the end of the taxable year [*i.e.,* 1977] of the net operating loss which results in such carryback," as then[2] required by Section 6511(d)(2)(A) of the Internal Revenue Code ("I.R.C.") of 1954, 26 U.S.C. § 6511(d)(2)(A) (1969). We affirm.

*Context Facts*

We briefly recapitulate the facts (using rounded figures), in the light of which is made the taxpayers' contention of error:

On June 15, 1978, the taxpayers filed their return for the 1977 tax year, which showed a net operating loss of some $213,-000. Under provisions of the I.R.C., they were entitled by timely claim to carry this loss back to their 1974 tax year. Accordingly, on June 5, 1981 (almost two months too late, according to the district court's holding) they filed their formal claim for a refund for more than $55,000 that had been paid in taxes for the 1974 taxable year. This refund was administratively denied as time-barred, resulting in this tax-refund suit.

The taxpayers' 1974 tax return was filed April 15, 1975, showing tax liability in excess of $50,000, paid on or before the filing date. The Internal Revenue Service in 1980 issued a notice of deficiency for the 1974 tax year in an amount slightly in excess of $1,000. The taxpayers paid this amount on June 1, 1981. They then on June 5, 1981, as earlier noted, filed their claim for refund of 1974 taxes based on the carryback of their 1977 operating loss.

By their claim, the taxpayers sought refund of more than $55,000 of the taxes paid for the 1974 tax year, which of course included the $1,000 assessed deficiency paid June 1, 1981. The Internal Revenue Service conceded that the refund sought of the $1,000 was timely, as filed within two years of the payment made, although refund was limited to the amount of such payment. *See* I.R.C. § 6511(b)(2)(B), 26 U.S.C. § 6511(b)(2)(B). However, for the reasons earlier noted, the taxpayers' refund claim for the additional $54,000 was rejected as time-barred by both administrator and district court.

*Refunds based on a net operating loss carryback*

The taxpayers contend that their refund claim filed June 5, 1981 was timely not only as to the $1,000 paid four days earlier but also as to the entire $55,000 refund of 1974 taxes sought on the basis of the carryback to that tax year of their net operating loss sustained in the 1977 tax year. They point out that a single claim for refund was based upon that one carryback's effect upon their total 1974 tax liability, and they argue that the I.R.C. does not require bifurcation into two separate claims, with two different time-limitations periods, of their single claim for refund based upon the single tax-affecting net operating loss carryback.

The taxpayers' contention is based upon their construction of I.R.C. § 6511. This enactment provides for time-limitations on filing administrative claims for refund. No reported decision has addressed the present

---

1. The district court opinion is reported at *Nelson v. United States,* 54 A.F.T.R.2d (PH) ¶ 84–5128 and 84–2 U.S.Tax Cas. (CCH) ¶ 9592 (W.D. Tex.1984).

2. By a 1978 amendment, § 6511 now provides that refund claims must be filed within three years of the date of tax return, including any extension, for the taxable year in which the net operating loss occurred. Pub.L. No. 95–628, § 8(a), 92 Stat. 3630 (1978). This amendment does not apply to the present litigation, as is not disputed. In the present case, the taxpayers' 1977 tax return, showing the net operating loss in question, was filed on June 15, 1978.

issue. Relevant to this issue, the statutory framework thereby provided is as follows:

Section 6511(a)[3] provides the general rule for when a refund claim must be filed: within three years from the time the return was filed or within two years from the time the tax was paid, whichever expires later. Section 6511(b)(1)[4] further provides that no refund is allowed unless the taxpayer files his claim within the time period set out in 6511(a). Section 6511(b)(2)(B)[5] states that if the refund claim is not filed within the three-year period, the refund allowed is limited to the portion of the tax paid during the two years immediately preceding the filing of the claim.

However, a special rule for refunds based upon a net operating loss carryback is provided by Section 6511(d)(2)(A).[6] As the statute read at the time applicable to the present refund claim (*see* note 2 *supra*), it required that such a claim be filed by the 15th day of the 40th month following the end of the tax year in which the net operating loss was incurred. As so applied, the present refund claim, filed (June 5) more than six weeks after the 40-month date (April 15), was not timely.

The taxpayers contend, however, that the statute so construed overlooks the provision of § 6511(d)(2)(A) (*see* note 6 *supra*) that "[i]n the case of *such a claim*, the

amount of the credit or refund may exceed the portion of the tax paid within the period provided in subsection (b)(2) or (c) ... to the extent of the amount of the overpayment attributable to such carryback." Section 6511(d)(2)(A) (emphasis added). The taxpayers read the meaning of this section as providing that in the event of "such a claim" (which they equate as referring to *any* timely claim for refund based upon a net operating loss carryback), a taxpayer is entitled to recover the full extent of the amount attributable to the carryback. Thus, because it is conceded that the refund claim was timely as to the $1,000 (since brought within two years of its payment), by virtue of this timely filed claim for refund the taxpayers claim that they are entitled to recover the full "amount of the overpayment attributable to such carryback." *Id.*

Despite the taxpayers' skillful arguments, we are unable to agree with this construction. We think the plain meaning of the provision is instead that, when a net-operating-loss refund sought within the provisions *and time limitation* of Section 6511(d)(2)(A), then—as to "such a claim"— the limitations on the amount of recovery otherwise provided by Section 6511(b)(2) and (c) do not apply.[7] The statutory provision simply means that for a claim for refund of taxes paid for a previous year

---

**3.** Section 6511(a) reads in pertinent part:
Claim for ... refund of an overpayment of any tax ... in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later ....

**4.** Section 6511(b)(1) reads in pertinent part:
No ... refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for ... refund, unless a claim for ... refund is filed by the taxpayer within such period.

**5.** Section 6511(b)(2)(B) reads in pertinent part:
If the claim was not filed within [the] 3-year period [prescribed in subsection (a)], the amount of the ... refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

**6.** Section 6511(d)(2)(A) reads in pertinent part:

If the claim for ... refund relates to an overpayment attributable to a net operating loss carryback, in lieu of the 3-year period of limitation prescribed in subsection (a), the period shall be that period which ends with the expiration of the 15th day of the 40th month ... following the end of the taxable year of the net operating loss which results in such carryback ...
In the case of such a claim, the amount of the credit or refund may exceed the portion of the tax paid within the period provided in subsection (b)(2) or (c), whichever is applicable, to the extent of the amount of the overpayment attributable to such carryback.

**7.** § 6511(b)(2) limits the amount of credit when, respectively, the claim was filed during the three-year period of the time the return was filed, (b)(2)(A), or the claim was not filed within that period but within two years of payment of the tax. *See* note 3 *supra*. § 6511(c) provides for special rules as to time periods and limitations of refund in the case of an agreement to extend the period for assessment of a tax.

(here, 1974) based on a net operating loss incurred during a subsequent tax year (here, 1977), the normal time limitations provided by Section 6511(b) and (c)—which ordinarily would time-bar recovery at this late date—would not apply to "such a claim"; *i.e.,* a claim for refund of an overpayment attributable to a net operating loss carryback filed on or before the 15th day of the 40th month (here, April 15, 1981) following the end of the taxable year (here, 1977) of the net operating loss that results in such carryback.

As the district court stated, the plaintiffs would read the "such a claim" provision of the last sentence of § 6511(d)(2)(A) so as "to allow a taxpayer to claim a refund of any amounts attributable to a NOL [net operating loss], even if the taxpayer fails to comply with the limitations period contained [in § 6511(d)(2)(A)]. However, it should be clear that the reference in that sentence to 'such a claim' means a claim filed in compliance with its prior provisions; otherwise, Section 6511(d)(2)(A) as a whole would make no sense as a time limitation on the filing of refund claims."

*Conclusion*

We therefore AFFIRM the district court judgment that dismissed the plaintiff taxpayers' claim for a tax refund.

AFFIRMED.