Samuel M. LONGIOTTI and Betty C. Longiotti, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. C–85–120–D.

United States District Court, M.D. North Carolina, Durham Division.

June 5, 1986.

H. Bryant Ives, III and Sally Nan Barber, Charlotte, N.C., for plaintiffs.

Richard F. Mitchell, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

ERWIN, District Judge.

This matter is before the court on cross motions by the parties for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Both parties have fully briefed the issues before the court, and argument was heard on May 22,

1986 in Greensboro. The case is now ready for a ruling.

## Facts

This is an income tax case concerning plaintiffs' return filed in the calendar year 1972. The parties have stipulated that in that year the plaintiffs reported a taxable loss of $266,132.23. In the years 1973–1975, the plaintiffs reported net operating losses (NOLs) of $912,420.00, $2,157,435.00, and $1,828,011.00. On November 17, 1975, the Internal Revenue Service (IRS) issued to plaintiffs a notice of deficiency claiming taxable income for the calendar year 1972 in the amount of $559,937.32. A petition to the United States Tax Court was properly filed on the 1972 return on February 11, 1976. By December 13, 1979, the tax case had reached a settlement, based upon a computation of $329,709.73 in taxable income for 1972. Also on that date, the tax court transmitted to the IRS service center in Memphis, Tennessee a form 1045, which claimed a carry-back of all the 1973 net operating loss (NOL) and a portion of the 1974 NOL to offset the 1972 deficiency established in the settlement of the tax case. The decision of the tax court was formally entered on January 3, 1980, and that court lost jurisdiction over the 1972 tax case on April 2, 1980 pursuant to 26 U.S.C. §§ 7481(a)(1) and 7483.

On June 5, 1980, the plaintiffs filed an amended return for 1972. This was a claim for abatement, relying on an attempt to carry back to 1972 the 1973 and 1974 NOLs outlined in the Form 1045 previously submitted to the IRS. On October 6, 1980, the IRS notified the plaintiffs that their claim for abatement was denied. The IRS reasoned that the statute of limitations had run on the taxable years involved. On November 30, 1982, plaintiff Samuel M. Longiotti paid the 1972 deficiency according to the tax court ruling. On October 3, 1984, the plaintiffs filed a refund claim for the amounts paid on November 30, 1982, and, within a month, were informed by the IRS that their refund claim was denied.

This refund suit followed and was docketed with this court on January 28, 1985.

## Discussion

The court is called on to find, as a matter of law, whether the plaintiffs may utilize 1973 and 1974 NOL carry-backs in application to their recalculated 1972 taxable income. The Government argues that the statute of limitations has run, forever precluding such carry-backs to 1972. The plaintiffs contend that the statute of limitations does not apply.

Title 26 of the United States Code, Section 6511(a), provides that an administrative claim for refund may be filed within three years after the return was filed or within two years after the tax was paid, whichever period expires later. In 26 U.S.C. § 6511(d)(2)(A), the code provides for a separate thirty-nine and one-half months' limitations period for NOL carry-back deductions. Further, the code provides in 26 U.S.C. § 6512 that a tax court determination of a taxable year will be final, and no claim for refund may be pursued for such year, except as to any amount "in excess of an amount computed in accordance with" the final tax court decision. 26 U.S.C. § 6512(a)(2). The court notes that there are three further exceptions, but none are applicable to the case *sub judice*. Plaintiffs rely on § 6512(a)(2) and, alternatively, on § 6511(d)(2)(B). The Government relies on § 6512 and, alternatively, on a small body of case law.

■ Plaintiffs' argument under 26 U.S.C. § 6512(a)(2) is without merit. This court cannot reopen a decision of the tax court to award a refund based upon a deduction not before the tax court. This is precisely what § 6512 seeks to prohibit. Since the amount paid on the deficiency by Samuel M. Longiotti was the exact amount determined owed by the tax court, plaintiffs can in no wise assert that this payment was an amount "in excess of an amount computed in accordance with" the tax court ruling.

■ Of more difficulty, is plaintiffs' argument under 26 U.S.C. § 6511(d)(2)(B). Section 6511(d)(2)(B) states that notwithstanding any other bar (i.e. § 6512), refund of a tax attributable to a NOL carry-back is authorized, "if claim therefor is filed within the period provided in subparagraph (A) of this paragraph." Subparagraph (A) is, of course, 26 U.S.C. § 6511(d)(2)(A). Plaintiff suggests that subparagraph (A), which provides for the thirty-nine and one-half month period, should be interpreted as to attach consecutively to the two years from paid provision of § 6511(a). However, the court is of the opinion that *Mar Monte Corp. v. United States*, 503 F.2d 254 (9th Cir.1974), and *Family Group, Inc. v. United States*, 416 F.Supp. 1170 (E.D.N.Y.1976), are on point and dispositive. The Ninth Circuit has rejected plaintiffs' interpretation.

In instances wherein a taxpayer seeks a refund based on net operating loss carrybacks and the losses are carried back to a taxable year which previously has been the subject of a final decision of the Tax Court, the controlling statutory provision is subparagraph (B). The limitation period encompassed by subparagraph (B) is that period *provided* by subparagraph (A). Clearly section 6511(d)(2)(A) provides only one limitation period.

*Mar Monte*, 503 F.2d at 257. Subparagraph (A) provides for only the thirty-nine and one-half month period. It does not incorporate the two years from paid provision of § 6511(a). In the Eastern District of New York, Judge Pratt reached the same conclusion as the Ninth Circuit on virtually identical facts. *Family Group*, 416 F.Supp. at 1172. This court can only conclude that the language of the statutes on their faces, and as interpreted by case precedent, acts to bar the plaintiffs from carrying back their NOLs to effectuate a refund on their 1972 taxable income.

■ Plaintiffs next argue that if the statute of limitations is held to be in effect, the mitigating provisions of the Internal Revenue Code, 26 U.S.C. §§ 1311–1314, should operate to provide equity in this situation by applying the adjustment mechanisms found in § 1314. The court cannot agree. The mitigation provisions serve to protect taxpayers, who, by application of the statute of limitations, would be burdened with a double taxation. *See United States v. Rachal*, 312 F.2d 376, 383 (5th Cir.1962). Plaintiffs reported a taxable loss of $266,132.23 for the 1972 tax year. In 1979, the tax court determined that plaintiffs had $329,709.73 in taxable income for 1972. Plaintiffs paid the deficiency, but are barred from carrying back their subsequent NOLs. This is, in actuality, one tax, a tax finally paid over a decade after it was due. While the bar of the statute of limitations is harsh, the court cannot conclude that the inability to carry back the NOLs operates as a double tax to engage the mitigation provisions.

The court is not without sympathy for the plaintiffs. The Internal Revenue Code is an amazingly intricate body of law. Failure to appreciate its very subtle nuances can work a hardship on even the most well informed taxpayer.

True, one effect of the statutory scheme is to demand special foresight and vigilance of a taxpayer who chooses the Tax Court as a forum, lest by inadvertence he lose the rights granted to him elsewhere in the Code. While the Court agrees with plaintiff that the end result here seems harsh, it is not uncommon under a statute as complex and confusing as the Internal Revenue Code that opportunities for tax saving are frequently lost and penalties are frequently incurred, simply because of the understandable inability of a taxpayer and his professional advisors to fully comprehend the significance of all the detailed provisions of the Code. This, however, affords no legal basis to uphold plaintiff's position here.

*Family Group Inc. v. United States*, 416 F.Supp. 1170, 1172–73 (E.D.N.Y.1976). Accordingly, the court must deny the plaintiffs' motion for partial summary judgment, and, there being no genuine issues of material fact, the court must grant the

Government's motion for summary judgment. Therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that the plaintiffs' motion for partial summary judgment is DENIED, and the Government's motion for summary judgment is GRANTED pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. A judgment dismissing this action with prejudice will be filed contemporaneously herewith.