**Walter B. PARSONS, et al.**

v.

**UNITED STATES of America.**

**Civ. No. 4–88–482.**

United States District Court,
D. Minnesota,
Fourth Division.

June 1, 1989.

Edward J. Laubach, Jr., Hall, Byers, Hanson, Steil & Weinberger, St. Cloud, Minn., for plaintiffs.

Virginia Cronan Lowe, Dept. of Justice, Washington, D.C., for defendant.

## ORDER

ROSENBAUM, District Judge.

This matter is before the Court on cross motions for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. A hearing was held on May 16, 1989. Based upon the submissions of counsel and the files, records, and proceedings herein, and for the reasons set forth below, the Court denies plaintiffs' motion for summary judgment and grants defendant's motion for summary judgment.

*Facts*

This is an income tax case concerning plaintiffs' tax return filed with the Internal Revenue Service (IRS) for the year ending December 31, 1982. The parties are in accord as to the following facts:

Fact a) Plaintiffs generated an investment tax credit for the tax year 1982.

Fact b) Plaintiffs claimed a portion of that investment tax credit for tax year 1982.

Fact c) The remainder of plaintiffs' 1982 investment tax credit was available for carry back pursuant to 26 U.S.C. § 46(b).

Fact d) On plaintiffs' return, filed with the IRS for the 1983 tax year, the preparer carried *forward* the remainder of plaintiffs' 1982 investment tax credit to the 1983 tax year. .

Fact e) The plaintiffs' 1983 tax return was audited by the IRS which disallowed the tax credit carried forward from 1982 and, by letter dated January 22, 1986, informed plaintiffs that 1) the carry forward of the 1982 investment tax credit to the 1982 tax year was incorrect, because excess investment tax credit for any year must first be carried back to the third preceding tax year and then, from that preceding year, carried forward until used, and 2) plaintiffs could file an amended return (Form 1040X) for tax year 1979 to claim the excess investment tax credit.

Fact f) The statute of limitations for amending plaintiffs' 1979 tax return expired on April 15, 1986, pursuant to 26 U.S.C. § 6511(a).

Fact g) On June 19, 1986, plaintiffs filed a Form 1040X claiming a refund due to the carry back of the 1982 investment tax credit, for income taxes paid in the tax year ended December 31, 1979.

Fact h) By letter dated September 4, 1986, the IRS informed plaintiffs that their refund claim was disallowed based on the expiration of the 1979 tax year's statute of limitations.

Fact i) On June 1, 1988, plaintiffs filed this action seeking a total refund of $11,-060.00 in income tax paid for the 1979 tax year plus statutory interest.

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

*Issue*

The question for decision is whether plaintiffs are entitled to relief under the

mitigation of limitations provisions of the Internal Revenue Code (Code), 26 U.S.C. §§ 1311–1314.

*Discussion*

■ The mitigation of limitations provisions of the Code permit the correction of an error made in a prior tax year even though the statute of limitations, i.e. 26 U.S.C. § 6514, has run. *Longiotti v. United States,* 819 F.2d 65, 67 (4th Cir.1987); *O'Brien v. United States,* 766 F.2d 1038, 1041 (7th Cir.1985); *see also Provident Nat. Bank v. United States,* 507 F.Supp. 1197, 1200 (E.D.Pa.1981). These mitigation provisions do not, however, constitute general equitable exceptions to statutory limitations periods and the party seeking to invoke them bears the burden of demonstrating their requirements have been satisfied. *Longiotti,* 819 F.2d at 68; *O'Brien,* 766 F.2d at 1042. Relief is limited to those defined circumstances provided by the Code.

■ Section 1311(a) provides:

(a) General rule. If a determination (as defined in Section 1313) is described in one or more of the paragraphs of section 1312 and, on the date of the determination, correction of the effect of the error referred to in the applicable paragraph of section 1312 is prevented by the operation of any law or rule of law, other than this part ... then the effect of the error shall be corrected by an adjustment made in the amount and in the manner specified in section 1314.

26 U.S.C. § 1311(a).

Thus, to obtain relief under these provisions, there must, first, be a determination under § 1313 which is described in one or more of the seven circumstances of adjustment set forth in § 1312. Second, there then must be, on the date of the determination, a statute of limitations bar to the correction of the error.

■ At the hearing, counsel for plaintiffs asserted the IRS letters of January 22, 1986, (advising plaintiffs they could amend their 1979 tax return—see "Fact f," above) and September 4, 1986, (IRS information that the claim for 1979 refund was time barred—see "Fact g," above), taken together, constitute a § 1312(4) circumstance of adjustment. They then claim this "adjustment" is a determination within the meaning of § 1313(a).

Plaintiffs' suggestion that the IRS letters should be considered together is clearly an attempt by plaintiffs to circumvent the explicit requirements of §§ 1311–1314. Plaintiffs have cited no legal authority to support their novel theory. The Court will, therefore, consider separately the circumstances surrounding defendant's 1986 letters to plaintiffs.

■ The IRS asserts that its letter of January 22, 1986, may not be considered a determination because it does not comport with § 1313(a). The Court need not determine whether defendant's January 22, 1986, letter was a determination, however, because even if it was such a determination, as a matter of law, the mitigation of limitations provisions could not apply. On January 22, 1986, correction of the error was not time barred by § 6511(a)[1] as required by § 1311(a).

■ Plaintiffs then contend that defendant's denial of plaintiffs' claim for refund for tax year 1979 constitutes a determination within the meaning of § 1313(a) as described in § 1312(4). Section 1312(4) provides in relevant part:

(4) Double disallowance of a deduction or credit. The determination disallows a deduction or credit which should have been

---

1. Section 6511, United States Code, Title 26, provides in relevant part that:
   Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within three years from the time the return was filed or two years from the time the tax was paid, whichever such period expires later....

26 U.S.C. § 6511(a).
Plaintiffs' income tax return for tax year 1982 was due to be filed on or before April 15, 1983. The period of limitations in § 6511(a) ran on April 15, 1986. Plaintiffs' claim for refund was not filed until June 19, 1986. Plaintiffs' refund claim was filed outside of the period of limitations set forth in § 6511(a).

320

allowed to, but was not allowed to, the taxpayer for another taxable year.... 26 U.S.C. § 1312(4).

The present situation is simply not in accord with § 1312(4)'s requirements. The IRS's denial of plaintiffs' claim for a 1979 tax year refund was not a disallowance of a credit "which should have been allowed" in another year. 26 U.S.C. § 1312(4). 1979 was the correct tax year for which plaintiff should have claimed the credit. The problem lies not with the tax year, but with the time bar.

In §§ 1311–1314, Congress carefully crafted a statutory scheme designed to correct taxpayer errors in the face of a statute of limitations bar. Such a mechanism must be followed with precision since the sovereign's waiver of its statute of limitations is effectively a limited waiver of sovereign immunity. The taxpayers had an opportunity to file their amended return in a timely fashion between January 22, 1986, and April 15, 1986. Having failed to do so they may not rely on their untimely June 19, 1986, effort to amend their 1979 tax return. The Court finds the circumstances presented do not comply with the mitigation of limitations provisions of the Internal Revenue Code. Judgment must be granted in favor of the United States.

Accordingly, IT IS ORDERED that:

1. Plaintiffs' motion for summary judgment is denied.

2. Defendant's motion for summary judgment is granted and plaintiffs' complaint is dismissed.

LET JUDGMENT BE ENTERED ACCORDINGLY.