**Ralph G. SACHS, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 90–2045.

United States Court of Appeals, Sixth Circuit.

Argued July 23, 1991.

Decided Aug. 15, 1991.

Richard G. Brewer (argued and on brief), Bloomfield Hills, Mich., for plaintiff-appellant.

Geneva S. Halliday, Asst. U.S. Atty., Office of the U.S. Atty., Detroit, Mich., Gary R. Allen, Acting Chief (on brief), David I. Pincus, Curtis C. Pett (argued), U.S. Dept. of Justice, Appellate Section Tax Div. and Alexandra E. Nicholaides, Trial Attorney, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before: KEITH, Circuit Judge, LIVELY, Senior Circuit Judge, and WEBER, District Judge.*

LIVELY, Senior Circuit Judge.

The taxpayer, plaintiff Sachs, appeals from an order of the district court dismissing this action for income tax refunds. The complaint sought reductions or set offs against his income tax liability for the years 1978 and 1979 based upon a net operating loss sustained during 1981. The district court concluded that it lacked subject matter jurisdiction because the plaintiff had failed to file a timely claim for

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

refund for the 1978 and 1979 tax years, a jurisdictional prerequisite to a district court action for refund.

## I.

### A.

In 1985, the United States Tax Court adjudicated an income tax deficiency against the plaintiff for 1978 and 1979. This decision resulted in an assessment of additional taxes for both years. In May 1987 the plaintiff filed his personal income tax return for 1981, showing a net operating loss for that year. In July 1987 the plaintiff filed claims for refund with the IRS for 1978 and 1979, based on a carryback of the net operating loss sustained in 1981. The IRS denied the claims for refund on the ground that any claim for refund based on application of a net operating loss was required to be made within three years of the due date of the loss year return, including any extensions. As extended, the plaintiff's 1981 return was due by October 15, 1982. Thus, the limitations period for filing the claims for refund expired on October 15, 1985. As noted, the claims for refund were filed in July 1987, nearly two years late under this ruling. This refund suit followed.

### B.

In response to the government's motion to dismiss, the taxpayer argued that the IRS had relied upon the wrong provisions of the Internal Revenue Code in holding that his claims for refund were untimely. He contended that the timeliness of his claims for refund should have been determined by application of 26 U.S.C. § 6511(a), which establishes a limitations period for filing claims for refund of three years from the date the taxpayer files the return or two years from the date the tax is paid, whichever period expires later. He asserted that his claims for refund were timely under this provision.

The plaintiff contended that the IRS mistakenly determined that his claims for refund were untimely by misapplying the special statute of limitations respecting claims for refund attributable to a net operating loss carryback contained in 26 U.S.C.

§ 6511(d)(2)(A). This subsection provides that when a claim for refund or overpayment is attributable to a net operating loss carryback, the time for filing a claim for refund expires three years after the time prescribed by law for filing the return for the taxable year of the net operating loss that results in the carryback. In such a case this special statute of limitations operates in lieu of the general limitations period prescribed in § 6511(a). The taxpayer argued that the special statute changed the time from which the three year period prescribed in § 6511(a) is measured, but did not affect the alternative period of two years that runs from the date of payment of tax. Thus, he contended that because he had made a payment on the 1978–79 deficiencies within two years of filing the claims for refund in July 1987, his claims for refund were timely.

The plaintiff recognized that 26 U.S.C. § 6512(a) provides that a Tax Court determination for a particular tax year precludes any credit or refund of tax for the same taxable year. He argued, however, that this statutory bar is subject to an exception contained in § 6511(d)(2)(B)(i), which provides, in pertinent part:

> (i) IN GENERAL.—If the allowance of a credit or refund of an overpayment of tax attributable to a net operating loss carryback ... is otherwise prevented by the operation of any law or rule of law other than section 7122 (relating to compromises), such credit or refund may be allowed or made, if claim therefor is filed within the period provided in subparagraph (A) of this paragraph ...

Treating the Tax Court decision as triggering a "rule of law" that prevented the allowance of a claim for refund or credit attributable to his net operating loss carryback, the plaintiff argued that the reference to "the period provided in subparagraph (A)," preserved the alternative period of two years after payment as well as establishing the period of three years after the due date of the return for the year that produced the net operating loss.

### C.

The government replied that § 6512(a) controls this case. The fact that the Tax

Court determined the deficiencies for 1978 and 1979 precludes any refund or credit for those tax years based on a net operating loss carryback unless the claims were filed within the period prescribed in § 6511(d)(2)(A). This section provides only a three year period from the date the return for the year that generated the net operating loss was due to be filed. It does not contain the alternative two-years-from-payment provision found in § 6511(a). Thus, the plaintiff's claims for refund were untimely even though he made a payment on his 1978–79 tax liability within two years of filing the claims. The provision in § 6511(d)(2)(A) establishing the due date of the return for the year in which the net operating loss occurs as the commencement of the three-year limitation period for a claim for refund prescribes the only limitations period for filing such a claim, the government maintained. Thus, the two-year-from-payment alternative period in § 6511(a) does not apply in this situation.

In addition, the government argued that even if the two-years-from-date-of-payment rule applied, that rule requires full payment of an outstanding tax liability; a partial payment does not extend limitations.

### II.

#### A.

The district court agreed with the government that the explicit three year limitation in § 6511(d)(2)(A) controlled this case. That section does not contain the alternative two-year period listed in § 6511(a), and the structure of the Code does not indicate that it should be found to be included by implication. Relying on *Mar Monte Corp. v. United States*, 503 F.2d 254, 257 (9th Cir.1974), the district court stated, "A taxpayer seeking a refund for a tax year that was the subject of a tax court determination must comply with the three-year rule." The reference to subsection (a) that is contained in § 6511(d)(2)(A) cannot be read to expand the only limitation period contained in subsection (A)—the three-year period measured from the date the 1981 return was required to be filed.

#### B.

We find no error in the district court's application of the various code provisions. The court in *Longiotti v. United States*, 819 F.2d 65 (4th Cir.1987), rejected the same construction argued for by the plaintiff here, stating:

The plain language of the relevant provisions, however, contradicts taxpayers' position. Section 6511(d)(2)(B)(i) refers to "the period" in 6511(d)(2)(A). The single period provided in section 6511(d)(2)(A) is thirty-nine and a half months. There is no reference to a two-years-from-payment period in that section, and we decline the invitation to imply what Congress has not enacted. The fact that the two-years-from-payment period might apply in the absence of a prior Tax Court decision is another matter altogether. Here there was a prior decision, and Congress enacted a provision to address precisely these circumstances.

*Id.* at 67.

The judgment of the district court is affirmed.