ON PETITION FOR REHEARING
PER CURIAM.
Mr. Haas has sought rehearing of this court’s decision in Haas v. Peake, 525 F.3d 1168 (Fed.Cir.2008). This supplemental opinion is principally addressed to an issue that was raised for the first time in the petition for rehearing.
In our original opinion in this case, we held that the Department of Veterans Affairs (“DVA”) had reasonably interpreted 38 U.S.C. § 1116(a)(1)(A), which governs the provision of benefits to veterans who may have been exposed to Agent Orange or other herbicides during the Vietnam War and have subsequently developed one of a specified set of diseases. The statute presumes herbicide exposure, and consequently provides for a presumption of service connection, if the veteran has one of certain specified diseases and served “in the Republic of Vietnam.” Id. The DVA promulgated a regulation interpreting the *1308 statutory phrase “served in the Republic of Vietnam” to mean that the veteran’s service must have involved “duty or visitation” in the Republic of Vietnam in order for the veteran to receive the statutory presumption of service connection. See 38 C.F.R. § 3.307(a)(6)(iii). The DVA has interpreted that regulation to mean that the presumption of service connection applies only to those servicemembers who physically set foot in the Republic of Vietnam; that interpretation does not include veterans, such as Mr. Haas, who served on ships that traveled outside the land borders of Vietnam and who never came ashore.
In the original appeal, Mr. Haas argued that the statutory phrase “in the Republic of Vietnam” had an unambiguous meaning that precluded the DVA from adopting its “foot-on-land” requirement. Mr. Haas contended that the statute had to include at least those servicemembers who had served in the coastal waters of Vietnam, supporting his arguments with the traditional tools of statutory interpretation — an analysis of the statute’s language, structure, and legislative history. This court’s opinion addressed and rejected these arguments. Instead, we agreed with the conclusion reached by the Veterans Court, that the statute’s language was ambiguous on that point. Then, like the Veterans Court, we proceeded to consider whether deference to the DVA’s interpretation of the statute was appropriate under the Chevron line of cases. We held that it was.
In his petition for rehearing, Mr. Haas argues that any ambiguity in the meaning of section 1116 should have been resolved in his favor under the canon of statutory interpretation that ambiguity in a veterans benefits statute should be resolved in favor of the veteran. Brown v. Gardner, 513 U.S. 115, 117-18, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994). Because Mr. Haas failed to raise that argument in his brief on appeal, despite the Veterans Court’s ruling that the statute was ambiguous and despite otherwise extensive briefing on the issue of statutory interpretation, the argument has been waived. Pentax v. Robison, 135 F.3d 760, 762 (Fed.Cir.1998) (declining to address “the government’s new theory raised for the first time in its petition for rehearing”), citing United States v. Bongiorno, 110 F.3d 132, 133 (1st Cir.1997) (“a party may not raise new and additional matters for the first time in a petition for rehearing”).
In any event, application of the pro-claimant canon of statutory construction in this case is not as simple as Mr. Haas’s petition suggests. In cases such as this one, where the statutory language is ambiguous, this court has held that deference to the DVA’s interpretation of the statute is nonetheless appropriate because this court must “take care not to invalidate otherwise reasonable agency regulations simply because they do not provide for a pro-claimant outcome in every imaginable case.” Sears v. Principi, 349 F.3d 1326, 1331-32 (Fed.Cir.2003). Thus, although Mr. Haas argues that the Brown doctrine effectively means that the DVA is not entitled to deference if its rulemaking resolves a statutory ambiguity, this court’s precedent is to the contrary. See Nat’l Org. of Veterans’ Advocates v. Sec’y of Veterans Affairs, 260 F.3d 1365, 1378 (Fed.Cir.2001) (stating that DVA’s reasonable interpretation of an ambiguous statute is entitled to deference despite pro-claimant canon). Moreover, this case would present a practical difficulty in determining what it means for an interpretation to be “pro-claimant.” While Mr. Haas contends that veterans who served offshore, but never came to land, should be covered by 38 U.S.C. § 1116(a)(1)(A), the DVA has already interpreted the statute in a pro- *1309 claimant manner by applying it to any veteran who set foot on land, even if for only a very short period of time.
Although Mr. Haas advocates defining “in the Republic of Vietnam” to include the territorial seas adjacent to the Vietnamese mainland, adopting that standard would raise new questions of interpretation and present new difficulties in application. For example, Mr. Haas’s interpretation would raise the question whether the statute applies to claimants who flew through Vietnamese airspace (including the airspace above the territorial seas) but never landed in Vietnam. In addition, while Mr. Haas argues that the panel’s interpretation is “absurd” because it requires the DVA “to make individualized inquiries into whether the veteran set foot on land or traversed inland waters in Vietnam,” the task of determining whether a particular veteran’s ship at any point crossed into the territorial seas during an ocean voyage would seemingly be even more difficult. Thus, even if the argument that Mr. Haas now raises had not been waived, it is by no means clear that its application would have required that the statute cover Mr. Haas’s case, or that the “pro-claimant” canon would have provided clear construction and easy application for the statute in question.
While Mr. Haas contends that the statutory reference to service “in the Republic of Vietnam” is unambiguous, we are not persuaded that the term can have only one meaning. In other contexts, as the government points out, statutory references to presence “in” a country have been understood not to include presence in the airspace or in the territorial waters surrounding the country. See Zhang v. Slattery, 55 F.3d 732, 754 (2d Cir.1995) (an alien does not enter the United States until he has touched the soil). In the immigration context, Congress at one time defined the term “United States” to include “any waters ... subject to the [U.S.] jurisdiction,” but in a later version of the statute, it defined “United States” without referring to the territorial waters, and the term has subsequently been interpreted not to include the territorial waters for those purposes. Yang v. Maugans, 68 F.3d 1540, 1548 (3d Cir.1995); see also In re Li, 71 F.Supp.2d 1052, 1056 (D.Haw.1999) (“[T]he term United States has several meanings throughout the United States Code depending on the context.”).
In at least one instance, the term “United States” is defined differently in different sections within the same title, in one case expressly including the territorial waters and in another not. See 26 U.S.C. §§ 638 (“United States” includes “subsoil of those submarine areas which are adjacent to the territorial waters of the United States”), 7701(a)(9) (“United States” includes only the States and the District of Columbia”). Thus, a simple reference to an event occurring “in the United States” (or, by analogy, to an event occurring “in the Republic of Vietnam”) does not unambiguously include an event occurring in the offshore waters. In fact, in a different statute dealing with Vietnam veterans, in which Congress intended to cover service occurring in the waters adjacent to Vietnam, it so specified. See Pub.L. No. 96-466, § 513(b), 94 Stat. 2171, 2208 (1980), codified at 38 U.S.C. § 4107 note (referring to “veterans who during the Vietnam era served in Vietnam, in air missions over Vietnam, or in naval missions in the waters adjacent to Vietnam”); see also 38 U.S.C. § 101(30) (referring to veterans who “served in Mexico, on the borders thereof, or in the waters adjacent thereto”); 49 U.S.C. § 40102(a)(46) (defining “United States” to mean “the States of the United States, the District of Columbia, and the territories and possessions, including the territorial sea and the overlying airspace”). In the absence of any such reference in *1310 section 1116 to the territorial waters around Vietnam or the airspace above it, we continue to regard that statute as ambiguous on this point.
' The petition for rehearing is denied.
Judge Fogel would grant the petition for rehearing and respectfully recommends that the full court grant rehearing en banc.