Jonathan L. HAAS, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 12–51 T.

United States Court of Federal Claims.

Sept. 20, 2012.

Jonathan L. Haas, Phoenix, AZ, pro se.

Michael J. Ronickher, United States Department of Justice, Washington, DC, for defendant.

### OPINION AND ORDER

SWEENEY, Judge.

Before the court is defendant's partial motion to dismiss plaintiff's refund claims for tax years 2001–2004 because they are barred by the relevant statute of limitations. Although the delay was not plaintiff's fault, and the fact that he cannot amend his 2001–2004 tax returns is unfortunate, the court's hands are tied, and it cannot extend the statute of limitations. Therefore, the court finds that plaintiff's claims for tax years 2001–2004 are barred by the relevant statute of limitations, and as a result, the court grants defendant's partial motion to dismiss.

---

1. While the amended complaint states August 1, 2001, the decision plaintiff attaches to the amended complaint reflects it was effective July 30, 2001. This difference is immaterial.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a seventy-five-year-old veteran, has been diagnosed with a variety of medical conditions that were ultimately determined to be attributable to his exposure to Agent Orange during the Vietnam War. In 2001, plaintiff sought a ruling from the Department of Veterans Affairs ("VA") that these conditions resulted from his military service such that he was entitled to disability compensation from the government. When his claim was denied in 2002, plaintiff appealed to a Decision Review Officer and then to the Board of Veterans Appeals ("Board"), each of which denied his claim. When plaintiff appealed the Board's decision in 2006, the United States Court of Appeals for Veterans Claims granted his petition, finding that he was entitled to a presumption of exposure to Agent Orange based on his service on a military vessel off the coast of Vietnam. The United States Court of Appeals for the Federal Circuit ("Federal Circuit") overturned this decision, depriving plaintiff of the presumption of exposure, and remanded the case for a determination of whether he had been actually exposed during his service. *See Haas v. Peake*, 525 F.3d 1168 (Fed.Cir. 2008). Ultimately, plaintiff successfully established that he had been exposed to Agent Orange, and as a result, he was granted service connection for his disability on September 8, 2009. This ruling occurred eight years after his initial claim was filed and over five years after the Board's original denial of his claim. Based on that ruling, the VA issued its Rating Decision on December 1, 2009, in which it found that plaintiff was 100% disabled from July 30, 2001, onward.[1]

Thus, once the VA made its determination, the military retirement pay plaintiff had been receiving from 2001 onward was retroactively converted to veterans' disability compensation. While military retirement pay is taxable income, compensation for disabilities attributable to service in the armed forces is nontaxable under § 104(a)(4).[2] As a result,

---

2. Unless otherwise indicated, "Section" or " § " refers to the Internal Revenue Code of 1986,

plaintiff's income for years 2001–2009 was retroactively exempted from taxation. Because the income was retroactively deemed exempt, plaintiff filed amended federal income tax returns (Forms 1040X) in 2010, seeking a refund of all taxes he had paid for his 2001–2009 tax years. The Internal Revenue Service ("IRS") Certificates of Assessment for the relevant years reflect that plaintiff filed Forms 1040X for his 2001–2006 tax years on July 28, 2010.[3] Plaintiff also filed refund claims for his 2007–2009 tax years on August 2, 2010. While the IRS granted refunds for 2007–2009, it denied as untimely plaintiff's refund claims for his 2001–2006 tax years. After an unsuccessful administrative appeal, plaintiff filed suit in this court, seeking a refund for the denied tax years 2001–2006.

Plaintiff filed his complaint in this court on January 25, 2012, and an amended complaint on February 28, 2012. Plaintiff asks that the court allow him to amend his federal income tax returns for tax years 2001–2006 in order to receive a refund for overpayment. Plaintiff states that the Board delayed in rendering a decision on his claim for veterans benefits, and because of the delay, he was not able to file amended tax returns for years 2001–2006 sooner than mid–2010. Plaintiff seeks a refund of $7,102 for years 2001–2006, reimbursement of the court's filing fee, and interest on overpayment of taxes.

On April 25, 2012, defendant filed a partial motion to dismiss under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), seeking to dismiss plaintiff's refund claims for tax years 2001–2004 because they were filed outside of the relevant statute of limitations, § 6511(a). Defendant concedes in its motion that, under § 6511(d)(8), plaintiff's refund claims for 2005 and 2006 are timely, and states that a concession by defendant of the 2005 and 2006 claims has been authorized on behalf of the Attorney General. Defendant proposes that, once that concession has been processed and

plaintiff has been granted a refund for overpayments for those two tax years, the parties file a stipulation for dismissal of the claims for those two years. Therefore, defendant asserts that the concession and this motion, if granted, would resolve the entirety of the claims before the court. Plaintiff filed his response to the motion on June 13, 2012, and in this response, plaintiff acknowledges defendant's concession regarding his claims for refund as to tax years 2005 and 2006, and requests that he be awarded costs pursuant to § 7430(a). Defendant filed its reply on June 27, 2012.

## II. LEGAL STANDARD FOR RCFC 12(b)(1) MOTION TO DISMISS

When deciding a motion to dismiss, the court assumes all factual allegations set forth in the complaint are true and draws all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 814–19, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327–28 (Fed. Cir.2006). Because the court's "general power to adjudicate in specific areas of substantive law ... is properly raised by a *[Rule] 12(b)(1)* motion," *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed.Cir.1999), the court analyzes defendant's motion under RCFC 12(b)(1). The burden of establishing the court's subject matter jurisdiction resides with the party seeking to invoke it, *see McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936), and a plaintiff must establish jurisdiction by a preponderance of the evidence, *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988). If the defendant or the court questions jurisdiction, the plaintiff cannot rely solely on allegations in the complaint but must bring forth relevant, adequate proof to establish jurisdiction. *See McNutt*, 298 U.S. at 189, 56 S.Ct. 780. When ruling upon a motion to dismiss

---

codified in Title 26 of the United States Code, as amended and in effect during the relevant period.

**3.** In the amended complaint, plaintiff states that the amended returns for 2001–2004 were filed on

August 25, 2010, and the amended returns for 2005–2006 were filed on August 2, 2010. These factual discrepancies are immaterial to the court's decision.

for lack of subject matter jurisdiction, the court may examine relevant evidence in order to decide any factual disputes. *See Moyer v. United States,* 190 F.3d 1314, 1318 (Fed.Cir.1999); *Reynolds,* 846 F.2d at 747. If the court finds that it lacks subject matter jurisdiction, then it must dismiss the claim. *Matthews v. United States,* 72 Fed.Cl. 274, 278 (2006); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## III. DISCUSSION

The court lacks jurisdiction over plaintiff's refund claims for the 2001–2004 tax years, and as a result, dismisses them. The claims were filed in July 2010, outside the period of limitations established by § 6511(a), even as extended by § 6511(d)(8). While plaintiff raises several arguments regarding the equities in order to avoid the statute of limitations, they are all unavailing.

### A. Plaintiff's Claims for Tax Years 2001–2004 Are Barred by the Statute of Limitations

■ Because plaintiff's refund claims for tax years 2001–2004 fall outside the applicable statute of limitations, even as that was extended by § 6511(d)(8), the court lacks jurisdiction over those claims. Section 6511(a) provides that a claim for a tax refund must be filed within three years from the time the return was filed or two years from the time the tax was paid, whichever is later. Congress, recognizing that injustice could arise when veterans like plaintiff were awarded retroactive changes to the tax status of their income, modified this statute of limitations by adding § 6511(d)(8), which extended the statute of limitations by one year after the date of the determination of disability when uniformed services retirement pay is retroactively converted to disability compensation. However, this extension is limited to the five tax years before the determination date. *See* 26 U.S.C. § 6511(d)(8)(B) (stating that the extension "shall not apply with respect to any taxable year which began more than 5 years before the date of such determination").

■ The United States Supreme Court ("Supreme Court") has announced that the limits in § 6511 are jurisdictional. Its analysis begins with § 7422(a), which sets out the requirements for tax refund suits and states:

> *No suit or proceeding shall be maintained in any court* for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary,* according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) (emphasis added). *In United States v. Clintwood Elkhorn Mining Co.,* 553 U.S. 1, 4–5, 128 S.Ct. 1511, 170 L.Ed.2d 392 (2008), and *United States v. Dalm,* 494 U.S. 596, 602, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990), the Supreme Court held that in reading §§ 6511 and 7422 "together, the import of these sections is clear: unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund … may not be maintained in any court." In other words, a refund claim must be timely filed in order for a taxpayer to pursue a refund suit in any court. Where a taxpayer does not file a refund claim within the period defined in § 6511(a), the court must find that it lacks jurisdiction. *Clintwood,* 553 U.S. at 8–9, 128 S.Ct. 1511; *Dalm,* 494 U.S. at 602, 110 S.Ct. 1361. The extension provided by § 6511(d)(8) does not alter the analysis regarding jurisdiction.

As mentioned above, the Rating Decision in which the VA determined that plaintiff's medical disabilities were service-connected was issued on December 1, 2009. As a result, under § 6511(d)(8), plaintiff's statute of limitations for filing his refund claims was extended for one year from that date, or until December 1, 2010. However, the five-year maximum announced in § 6511(d)(8)(B) limits the extended statute of limitations to the five tax years preceding the date of the determination of disability. Five years before the date of the December 1, 2009 determination is December 1, 2004. Therefore, any tax year that began before December 1,

2004, does not receive the benefit of the extended statute. Because the 2004 tax year began on January 1, 2004, the 2005 tax year is the earliest year for which plaintiff may receive the benefit of the extended statute of limitations under § 6511(d)(8). Thus, plaintiff's refund claims for tax years 2001–2004 are not subject to that extension. As a result, they were not timely filed, and the court lacks jurisdiction over plaintiff's refund claims for tax years 2001–2004.

### B. Plaintiff's Reliance on Equitable Doctrines Is Unavailing

Plaintiff raises several arguments in an attempt to alter the statutes of limitation in the Internal Revenue Code. The court finds that none of these arguments has merit.

### 1. The Doctrines of Equitable Recoupment and Mitigation of Limitations Period

Plaintiff relies on the doctrines of equitable recoupment and mitigation of limitations period, arguing that the statute of limitations should be suspended where its enforcement would result in double-taxation because of the government's inconsistent treatment of a transaction. However, those doctrines do not apply here.

Under the equitable recoupment doctrine, plaintiff must demonstrate: (1) the taxable event claimed upon and the taxable event considered in recoupment arise out of a single transaction; (2) the single transaction is subjected to two taxes based upon inconsistent legal theories; and (3) the amount claimed in recoupment is barred by the statute of limitations while the asserted deficiency by the government is timely. *Last v. United States*, 37 Fed.Cl. 1, 9 (1996). As these elements reveal, "the purpose of the doctrine of equitable recoupment is to prevent unjust enrichment by either the taxpayer or the government, and it may be invoked by the taxpayer to recover a twice paid tax or it may be invoked by the government to prohibit tax avoidance." *Id.* at 8. Plaintiff does not attempt to show how this doctrine applies to the facts here. Nonetheless, having considered plaintiff's allegations and construing them in the light most favorable to plaintiff, the court finds that this doctrine does not apply. For instance, the government has not asserted a deficiency against plaintiff.

Further, the Supreme Court has held that a claim of equitable recoupment does not give rise to an independent cause of action. *Dalm*, 494 U.S. at 608, 110 S.Ct. 1361. In *Dalm*, the Supreme Court found that its opinions allowing equitable recoupment "stand only for the proposition that a party litigating a tax claim in a timely proceeding may, in that proceeding, seek recoupment of a related, and inconsistent, but now time-barred tax claim relating to the same transaction.... To date, we have not allowed equitable recoupment to be the sole basis for jurisdiction." *Id.* In this case, plaintiff seeks to invoke equitable recoupment as an independent cause of action. However, his independent cause of action is time-barred by § 6511(a), and equitable recoupment cannot provide a jurisdictional basis for plaintiff's refund action.

Likewise, the mitigation of limitations period provisions do not apply. The mitigation provisions permit the correction of an error made in a prior tax year even though the ordinary limitations period has run. *Longiotti v. United States*, 819 F.2d 65, 67 (4th Cir.), *cert. denied*, 484 U.S. 985, 108 S.Ct. 502, 98 L.Ed.2d 500 (1987). They do not, however, constitute general equitable exceptions to statutory limitations periods, and the party seeking to invoke them bears the burden of demonstrating that their requirements have been satisfied. *Id.* at 68. Plaintiff must meet the following three requirements for the mitigation provisions to apply: (1) there must be "a determination" as defined by § 1313(a)(1)–(4); (2) the determination must fall within one of the "circumstances of adjustment" described in § 1312(1)–(7); and (3) depending on which circumstance of adjustment is found, either an inconsistent position must have been maintained by the party against whom the mitigation will operate, as described in § 1311(b)(1), or the correction of the error must not have been barred at the time the party for whom mitigation will operate first maintained its position, as described in § 1311(b)(2). *Longiotti*, 819 F.2d at 68.

Other than claim that the doctrine of mitigation of limitations should apply, plaintiff does not in any way attempt to show that he satisfies any of the elements of the three-part test. Nonetheless, having reviewed plaintiff's factual allegations and construing them in the light most favorable to him, the court finds that this doctrine does not apply here. For instance, plaintiff's circumstances are not included among those defined within the "circumstances of adjustment," as required by the three-part test.

Finally, these two doctrines are intended to prevent either the government or the taxpayer from recharacterizing a transaction in order to receive a double benefit. *Last,* 37 Fed.Cl. at 8. Here, plaintiff has not been double-taxed. Although the status of his income changed such that his income was later determined to be nontaxable, this does not amount to double-taxation.

## 2. Equitable Estoppel

 Plaintiff next argues that there was intentional misconduct by VA personnel that resulted in an eight-year delay in awarding him disability benefits and in his inability to comply with § 6511(d)(8). Therefore, he argues that the doctrine of equitable estoppel should estop the government from using the statute of limitations to keep refunds that belong to him.

 Equitable estoppel requires a plaintiff to establish the following elements: (1) a misrepresentation by an agent of the United States acting within the apparent scope of his or her duties; (2) the absence of contrary knowledge by the taxpayer in circumstances where he may reasonably act in reliance; (3) actual reliance; (4) detriment; and (5) a factual context in which the absence of equitable relief would be unconscionable. *See id.* at 10; *see also Henry v. United States,* 14 Cl.Ct. 795, 799 (1988), *aff'd,* 870 F.2d 634 (Fed.Cir. 1989). Plaintiff, however, has not alleged any facts that would support a finding of these five elements. He has argued that (1)

the scope of his disability claim was intentionally limited to whether he was entitled to the presumption of exposure to Agent Orange because although he was directly exposed, he never set foot on Vietnam soil; (2) evidence of his diabetes was intentionally overlooked; and (3) the VA intentionally failed to assist him in obtaining medical evidence to substantiate his claim.[4] At the outset, plaintiff must establish that an agent of the government made a misrepresentation upon which he relied. However, he makes no such allegation. The United States Court of Federal Claims ("Court of Federal Claims") has held that the doctrine of equitable estoppel is only applied against the Government "with the utmost caution and restraint." *Last,* 37 Fed.Cl. at 10. Here, even when plaintiff's pleadings are generously construed, he has failed to allege the necessary elements. Therefore, the doctrine of equitable estoppel does not prevent the application of the statute of limitations.

## 3. Equitable Tolling

 Plaintiff also broadly asserts that equity requires that his refunds for the relevant tax years be granted. However, even if the court construes plaintiff's complaint to allege that the statute of limitations period in § 6511 should be equitably tolled, such an argument is unavailing. The Supreme Court has clearly stated that the limitations periods set out in § 6511 cannot be equitably tolled. *See United States v. Brockamp,* 519 U.S. 347, 354, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997) (concluding "that Congress did not intend the 'equitable tolling' doctrine to apply to § 6511's time limitations").

In response to *Brockamp,* Congress enacted § 6511(h), which tolls the statute of limitations when the taxpayer is unable to manage his financial affairs due to disability. *See Murdock v. United States,* 103 Fed.Cl. 389, 395 n. 9 (2012). Section 6511(h)(2)(A) states

---

4. While plaintiff alleges that there was intentional delay or interference, he does not set forth any facts to explain what government actions were "intentional." Moreover, as defendant points out, approximately three years of the legal proceedings cannot be said to be directly related to any alleged misconduct, as two of these years

were due to the Federal Circuit's consideration of plaintiff's case and another year elapsed when plaintiff sought rehearing, rehearing *en banc,* and *certiorari. See Haas,* 525 F.3d 1168, *rehearing denied,* 544 F.3d 1306 (Fed.Cir.2008), *cert. denied,* 555 U.S. 1149, 129 S.Ct. 1002, 173 L.Ed.2d 315 (2009).

**8**

that "an individual is financially disabled if such individual is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Plaintiff has not alleged that he was financially disabled, and as a result, the tolling permitted by § 6511(h) does not apply. Thus, the court is bound by the Supreme Court's decision in *Brockamp,* which does not permit the equitable tolling of the limitations period in § 6511.

### C. Due Process Clause of the Fifth Amendment

█ Plaintiff also argues that the application of the statute of limitations will result in the unconstitutional taking of his property or disability income in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution. While plaintiff did not plead a due process violation in his complaint, even as amended, he raises this claim in his response to defendant's motion. Plaintiff recognizes that although he is seeking a monetary refund, the Due Process Clause does not provide for monetary damages. Thus, even if plaintiff had pled a due process violation in his complaint, the court would lack jurisdiction over such a claim. *See LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995) (stating that the Due Process Clause of the Fifth Amendment does not trigger Tucker Act jurisdiction); *Mullenberg v. United States,* 857 F.2d 770, 773 (Fed.Cir.1988) (same). Moreover, the Court of Federal Claims has held that " 'the lawful exercise of the Government's tax collection powers does not amount to a taking.' " *Gregoline v. United States,* 99 Fed.Cl. 161, 168 (2011) (quoting *Fry v. United States,* 72 Fed. Cl. 500, 509 (2006)).

### D. Plaintiff's Request for Costs

As noted above, plaintiff acknowledges defendant's concession regarding his refund claims for tax years 2005 and 2006 and requests that he be awarded costs pursuant to § 7430(a).[5] In response, defendant states

that because the § 7430 standard permits costs only for a "prevailing party," the court's consideration of an award of costs should be undertaken only after the conclusion of litigation of the entire case and after briefing by the parties. The court agrees that, in the normal course, an award of costs should be considered only after the entire case has been resolved, a motion for costs has been filed, and the issue has been fully briefed. However, in this case, there is no dispute that plaintiff, a seventy-five-year-old, 100% disabled United States military veteran—with a disability that resulted from plaintiff's exposure to Agent Orange during his military service in Vietnam—is entitled to a refund for tax years 2005 and 2006. Indeed, defendant makes this concession. Consequently, the court directs defendant to consider plaintiff's 100% disability rating as a factor in its calculus when making its final determination as to plaintiff's entitlement to an award of costs in this litigation. Clearly, Congress made the public policy determination not to tax compensation for disabilities attributable to service in the armed services. 26 U.S.C. § 104(a)(4). Thus, it seems logical to the court that the defendant pay this *pro se* plaintiff for the costs he incurred to bring this action in order to recoup monies to which he is clearly entitled. If defendant's sole stumbling block in resolving the costs issue is the question of whether plaintiff is truly a "prevailing party," the court can easily remedy that concern by immediately entering judgment in plaintiff's favor for tax years 2005 and 2006; after all, there is no question regarding plaintiff's recovery for those years. Defendant cannot ignore that plaintiff was forced to file suit in this court to compel the United States to pay him monies to which is entitled. Finally, the court notes that the payment of costs seems abundantly fair in these circumstances given the fact that despite plaintiff's due diligence in pursuing his refund claims, he is unable to recoup the overpayment of taxes for four tax years (2001–2004) because the statute of limitations bars his recovery. In sum, the United States' payment of plaintiff's costs seems to

---

5. Plaintiff seeks reimbursement of the court's filing fee in his amended complaint, and he may make such a request in his motion for litigation costs. 26 U.S.C. § 7430.

this court to meet the minimum threshold of decency.

## IV. CONCLUSION

The court **GRANTS** defendant's motion for partial dismissal and **DISMISSES** plaintiff's refund claims for tax years 2001, 2002, 2003, and 2004. The court will contact the parties to schedule a status conference to discuss the government's processing of plaintiff's refund claims for tax years 2005 and 2006 and the payment of plaintiff's costs.

**IT IS SO ORDERED.**