NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0269n.06

No. 16-5242

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
May 09, 2017
DEBORAH S. HUNT, Clerk

BALEY F. ALLRED, III and BRENDA L. ALLRED,

    Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

---

BEFORE: McKEAGUE, GRIFFIN, and KETHLEDGE, Circuit Judges.

GRIFFIN, Circuit Judge.

Plaintiffs Baley and Brenda Allred brought this action to recover a refund for an overpayment of income taxes. After the IRS denied their refund claim as untimely, they sued defendant United States of America alleging their claim was timely, or, in the alternative, that they were entitled to recover their refund under the mitigation provisions of 26 U.S.C. §§ 1311–14. The district court disagreed and granted defendant's motion to dismiss. Finding no reversible error, we affirm the judgment of the district court.

I.

Plaintiff Baley Allred and non-party Fred Bayne each owned a fifty-percent member interest in Home Health Care of Middle Tennessee, LLC. After Bayne passed away in February 2007, Allred purchased Bayne's member interest. As Allred was now the sole member of the

LLC, the LLC's 2007 federal tax return reflected that he had received all of the LLC's income for that year. From 2007 onward, plaintiffs reported all of the LLC's income on their own individual returns.

Bayne's estate subsequently sued Baley Allred, disputing his right to acquire Bayne's member interest in the LLC. Pending the outcome of that litigation, the LLC and plaintiffs each filed amended tax returns for the years 2007–13, reflecting Baley Allred's ownership interest of only fifty percent of the LLC. Consistent with the LLC's original returns, the estate did not report any income from the LLC, or pay any related income tax, during this time.

The estate eventually prevailed in the litigation, but the parties could not reach an agreement that would allow plaintiffs to avoid converting their amended returns into refund claims. Accordingly, plaintiffs began submitting refund claims for the amended returns they had filed during litigation. The estate meanwhile filed amended returns for 2007–13, reporting fifty percent of the LLC's income and paying the resulting tax. The net result was the reallocation of income and income tax payments between plaintiffs and the estate for those tax years, except for 2009.

On October 10, 2013, five days before the October 15, 2013, filing deadline, one of plaintiffs' lawyer's assistants placed their 2009 claim in a mailbox. She did not obtain a stamped certified mail receipt or a copy of the postmark. The IRS did not receive plaintiffs' claim until October 23, 2013, and denied it as untimely filed. The IRS also denied as untimely the estate's amended return for that year. Consequently, plaintiffs paid taxes on all of the LLC's 2009 income, despite owning only a fifty percent share, while the estate paid none.

Plaintiffs filed a complaint shortly thereafter, contending they filed their claim in a timely manner, and even if not, the tax code's mitigation provisions provided relief. In lieu of an

answer, the United States moved to dismiss under Federal Rules of Civil Procedure 12(b)(1), or, alternatively, 12(b)(6). The district court granted defendant's motion, holding plaintiffs could not show their claim was timely filed, nor state a claim for relief under the mitigation provisions after abandoning their initial position that the IRS had unjustly collected taxes on one hundred and fifty percent of the LLC's 2009 income. Plaintiffs appeal.

## II.

We review de novo the district court's decision granting defendant's motion to dismiss under Rules 12(b)(1) and 12(b)(6). *See, e.g.*, *Stew Farm, Ltd. v. Natural Res. Conservation Serv.*, 767 F.3d 554, 558 (6th Cir. 2014). "Aside from the resolution of jurisdictional prerequisites, a district court must generally confine its Rule 12(b)(1) or 12(b)(6) ruling to matters contained within the pleadings and accept all well-pleaded allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 481 (6th Cir. 2009). "This court may affirm on any grounds supported by the record, even those not relied on by the district court." *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 842 F.3d 430, 435 (6th Cir. 2016).

## III.

A taxpayer must generally file a refund claim within three years from the time she filed her original return. 26 U.S.C. § 6511(a). She bears the burden of establishing timely filing. *Miller v. United States*, 784 F.2d 728, 729–30 (6th Cir. 1986) (per curiam). Statutes of limitations "must be strictly adhered to by the judiciary," *Kavanagh v. Noble*, 332 U.S. 535, 539 (1947), and the limitations period for filing tax refund claims established in § 6511 is not subject to equitable tolling, *United States v. Brockamp*, 519 U.S. 347, 354 (1997). The Allreds must therefore show they filed their claim by October 15, 2013. *See* 26 U.S.C. § 6511(a). They

placed their claim in a mailbox on October 10, 2013. However, the IRS did not receive it until October 23, 2013.

In *Miller v. United States*, this court established that the "physical delivery rule," under which filing is "not complete until the document is delivered and received," governs tax claim and return filing. 784 F.2d at 730 (citation and footnote omitted). There are two statutory exceptions established in 26 U.S.C. § 7502 "to address cases in which a document reaches the IRS after a filing deadline." *Stocker v. United States*, 705 F.3d 225, 233 (6th Cir. 2013). First, a claim or other document that is "delivered by United States mail" to the IRS is deemed to have been delivered—and hence filed—on "the date of the United States postmark stamped on the cover" of the mailing. § 7502(a)(1). Second, if a claim or other document "is sent by United States registered mail," this registration "shall be prima facie evidence that the . . . claim or other document was delivered" to the IRS, and "the date of registration shall be deemed the postmark date." § 7502(c)(1). Our longstanding precedent rejects any reliance on extrinsic evidence to prove timely filing other than a mail receipt or postmark. *See, e.g.*, *Stocker*, 705 F.3d at 231–33 (collecting authorities).

Here, there is no postmark in the record, and plaintiffs admit they did not have a certified mailing receipt stamped by the post office. Plaintiffs contend instead that the district court should have refrained from ruling on defendant's motion to dismiss before defendant produced a copy of the envelope in which plaintiffs mailed their claim. However, plaintiffs never raised this argument before the district court or requested any such discovery. Instead, plaintiffs conceded they could not show their claim was timely filed, thus giving the district court no reason to suspect limited discovery or a hearing would prove otherwise. In general, we review "the case presented to the district court, instead of a better case fashioned after a district court's

unfavorable order." *Estate of Barney v. PNC Bank, Nat. Ass'n*, 714 F.3d 920, 925 (6th Cir. 2013). Plaintiffs offer no persuasive reason to depart from this edict here.

Following oral arguments in this appeal, plaintiffs moved to supplement the record. In response, the panel ordered the government to show cause why the matter should not be remanded to the district court for further development of the record. The government's response has persuaded us that remand would be futile. We therefore deny the motion to supplement the record.

In sum, there is no evidence of timely filing that we may consider. Plaintiffs produced no such evidence in district court, and that circumstance has not changed on appeal.

IV.

Plaintiffs argue in the alternative that, even if they cannot show timely filing, they are still entitled to relief because the mitigation provisions of 26 U.S.C. §§ 1311–14 apply. The mitigation provisions, however, are not implicated in this case.

The rules associated with claiming tax refunds can lead to unfair results, even when a taxpayer is entitled to a refund. The mitigation provisions are meant to allay these effects by allowing for "the correction of an error made in a prior tax year even though the ordinary limitations period has run." *Haas v. United States*, 107 Fed. Cl. 1, 6 (2012). Although these provisions serve an equitable purpose, "Congress did not intend by [the provisions] to provide relief in all situations in which just claims are precluded by statutes of limitations." *Olin Mathieson Chemical Corp. v. United States*, 265 F.2d 293, 296 (7th Cir. 1959).

The current mitigation provisions allow plaintiffs to obtain a refund of 2009 income tax that would otherwise be barred by § 6511(a) if: (1) there is "a determination" as defined by § 1313(a)(1)–(4); (2) that falls within one of the seven "circumstances of adjustment" described

in § 1312(1)–(7); and (3) the party against whom the mitigation will operate has maintained an inconsistent position per § 1311(b)(1). *See* 26 U.S.C. § 1311(a); *see also Hass*, 107 Fed. Cl. at 6. Plaintiffs "assume the burden of proving the existence of the prerequisites to [the statute's] applicability." *Taxeraas v. United States*, 269 F.2d 283, 289 (8th Cir. 1959). Even assuming plaintiffs can satisfy the first requirement, they cannot, by their own admission, satisfy the second—the denial of their refund claim does not fall within one of the seven specific "circumstances of adjustment" listed in § 1312(1)–(7).

Plaintiffs effectively alleged in their complaint that a "double inclusion of an item of gross income" under § 1312(1) had resulted, warranting adjustment. A double inclusion results from "the inclusion in gross income of an item which was erroneously included in the gross income . . . of a related taxpayer." § 1312(1). In other words, a double inclusion occurs when the IRS makes a decision that results in its collection of double taxes on the same item of gross income. *See Cocchiara v. United States*, 779 F.2d 1108, 1113 (5th Cir. 1986.) Plaintiffs initially believed that the IRS denied plaintiffs' refund claim and accepted the estate's amended return and payment.[1] If true, a double inclusion would have resulted because the IRS would have collected taxes on one hundred and fifty percent of the LLC's 2009 income. Plaintiffs soon discovered and disclosed, however, that the IRS had in fact rejected the estate's 2009 amended return and payment. Thus, the IRS collected taxes on only one hundred percent of the LLC's 2009 income, albeit all from plaintiffs.

Plaintiffs contend for the first time on appeal that the IRS improperly rejected the estate's 2009 amended return, and instead should have accepted the estate's amended return and tax payment under the so-called six-year exception codified at § 6501(e)(1)(A)(i). Normally, the

---

[1]The estate is a "related taxpayer" under § 1313(c)(6) because the estate "stood" with plaintiffs as their partner in the LLC in 2009. *See* 26 U.S.C. § 1313(c)(6).

IRS has three years to assess additional tax. § 6501(a). The six-year exception provides that if a taxpayer omits an amount from gross income that is properly includable and that amount is more than twenty-five percent of the amount of gross income stated in the return, "the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return was filed." § 6501(e)(1)(A)(i). In short, plaintiffs argue we should require the IRS to apply the six-year exception, and thus create the double inclusion that would allow plaintiffs to fall within the mitigation provisions. But they cite no authority that would allow this court to do what they request.

We decline to grant such relief. First, plaintiffs merely speculate that the estate's 2009 amended return falls within the six-year exception, and that the IRS could and would reverse course if made to apply it. Second, the plain language of the statute does not appear to obligate the IRS to apply the exception and assess the tax; it provides that "the tax *may* be assessed[.]" § 6501(e)(1)(A)(i) (emphasis added). Plaintiffs cite no authority to the contrary. Finally, plaintiffs do not allege that a failure to apply the six-year exception against a related taxpayer falls within any of the "circumstances of adjustment" in § 1312(1)–(7).

The mitigation provisions do not constitute a general equitable exception to the statutory limitations period. *Longiotti v. United States*, 819 F.2d 65, 68 (4th Cir. 1987); *see also Haas*, 107 Fed. Cl. at 6. To obtain relief, plaintiffs' situation must fall within one of seven specified "circumstances of adjustment." *See* § 1312. Plaintiffs admit, however, that no double inclusion occurred within the meaning of § 1312(1), and they do not allege that any other "circumstance of adjustment" is applicable. Because plaintiffs cannot satisfy the second threshold requirement, and thus cannot state a claim for relief under the mitigation provisions, we need not address the

third requirement.  Plaintiffs' circumstance is unfortunate, but the mitigation provisions provide no basis upon which to grant them relief.

V.

For these reasons, we affirm the judgment of the district court.